WIGGINTON, Chief Judge.
One of the two defendants involved in. this cause has appealed from a final judgment entered in favor of plaintiff as administrator of the estate of Mamie Holland, deceased. The errors relied upon for reversal will more fully appear in our disposition of' the points made on appeal.
The complaint was one in ejectment and' consists of two counts. The first count states a cause of action by plaintiff in his. representative capacity as administrator, while the second count states a cause of action by plaintiff in his individual capacity.
*793 The first count of the complaint alleges in substance that at the time of her death Mamie Holland was seized and possessed •of a certain described parcel of land in Suwannee County; that following her •death plaintiff was appointed administrator •of her estate and thereby became rightfully •possessed of the property sought to be recovered in the case; that while plaintiff was •so seized and possessed of the property the •defendants, without right, entered in possession of the premises, ousted plaintiff •therefrom, and now unlawfully hold possession as against plaintiff. Damages ■against defendants were claimed for the .rental value of the property, and recovery •of its possession was prayed.
Defendants’ answer to count one of the •complaint admits that the property in question was owned by Mamie Holland at the time of her death, but denies that plaintiff as administrator is lawfully seized and possessed of the property, or that they unlawfully entered into possession of the premises or unlawfully withhold possession thereof.
The case was tried by the court without a jury at the conclusion of which final judgment was entered in which it is adjudged that plaintiff as administrator of the •estate of Mamie Holland, deceased, is the ■owner and entitled to possession of the property described in the complaint. Judgment is awarded plaintiff in the sum of $675 for the rental value of the property ■during the time its possession was unlawfully withheld by defendants. The judgment granted no relief to plaintiff on count •two of the complaint by which he sought relief in his individual capacity.
We have carefully reviewed the evidence submitted to the court at the trial and find that plaintiff amply sustained the burden of proving the allegations contained in count one of the complaint. It is only because of the errors which occurred in connection with the disposition of Count Two of the complaint that we find it necessary to reverse the judgment and remand the cause for further proceedings.
By count two of his complaint plaintiff alleges that he is the surviving spouse and sole heir at law of Mamie Holland, deceased, who at the time of her death was seized and possessed of the question property as her homestead. It is alleged that upon the death of his wife plaintiff became seized in fee and rightfully possessed of the property in question, but that defendants, without right, wrongfully withhold possession of the property as against the plaintiff. He prays for judgment awarding him possession of the property, and for the rental value thereof during the period of its unlawful detention.
In reply to count two defendants admit, as alleged in the complaint, that at the time of her death Mamie Holland owned and occupied the property in question as her homestead. The remaining allegations of count two with respect to the unlawful possession and detention of the property by defendants is denied. By way of affirmative defense it is alleged that following the death of Mamie Holland, and before he was appointed as administrator of Mamie Holland’s estate, plaintiff as surviving spouse and sole heir of the decedent conveyed the property in question to Julia Thomas and Bertha Freeman, which deed is duly recorded in the records of Suwannee County. It is alleged that the defendant Mandrell is in possession of the property as the tenant of the owners, Julia Thomas and Bertha Freeman, both of whom are necessary parties to the suit. It is further alleged that defendant Freeman is merely a rental agent who collected rents from the tenant Mandrell and paid them over to the owners Thomas and Freeman; that he claims no interest in the property nor in the rents derived therefrom, and prays that the complaint be dismissed as to him. Upon motion by plaintiff the affirmative defense above mentioned was stricken, which order is assigned as error on appeal. The defendants thereupon filed an amended affirmative defense alleging in substance the same mat *794 ters set forth in the stricken defense, but further alleging that prior to her death Mamie Holland executed a last will and testament by which she devised to Julia Thomas and Bertha Freeman the property involved in this suit; that following Mamie Holland’s death plaintiff objected to the probate of the will on the ground that it was executed prior to his marriage with Mamie Holland, contending that it was therefore void and ineffectual; that at the conference between plaintiff and the beneficiaries named in the will it was agreed that the beneficiaries would pay to the plaintiff an agreed consideration in return for which plaintiff would convey to the beneficiaries the property in question; that the full consideration agreed upon was paid to plaintiff who thereupon executed a deed conveying to Thomas and Freeman the property forming the subject matter of this proceeding; that thereafter plaintiff filed a formal objection to the probate of the Mamie Holland will which, after trial, was held to be void. Following this adjudication plaintiff qualified and was issued letters testamentary as administrator of the Mamie Holland estate, in which capacity this proceeding was instituted. The answer alleges that plaintiff is estopped to claim title or possession of the property and prays that the complaint be dismissed. Upon motion the amended affirmative defense was also stricken, which action of the trial court is likewise assigned as error on appeal.
During the trial no testimony was offered either by plaintiff or defendants with respect to the homestead character of the property involved in the suit at the time of Mamie Holland’s death. It is undisputed, however, that at the conclusion of the trial the fact had been affirmatively established by the allegations contained in count two of the complaint, and defendants’ answer thereto, that the property in question was in fact the homestead of Mamie Holland at the time of her death. No evidence to prove this fact was necessary in that it was affirmatively admitted by the pleadings filed in the cause.[1] As homestead property, the land descended to plaintiff individually as surviving spouse and sole heir at law of Mamie Holland, and constituted property in which the personal representative of Mamie Holland’s estate had no title or right to possession.[2] Even though no relief was granted plaintiff in his individual capacity under count two of the complaint, it remains that at the conclusion of the trial the record disclosed the undisputed fact that the property in question was the homestead of the decedent at the time of her death, which under the controlling provision of law descended to her surviving heirs and in which her personal representative had no interest or right to possession. This being so, the trial court was without authority to enter a judgment in favor of’ the plaintiff in his representative capacity as administrator of the estate of the decedent, awarding him possession of the property and a judgment for the rental value thereof during the period of its alleged unlawful detention by defendants. Upon the showing made by the record in this case the trial judge should have entered a judgment in favor of defendants on count one of the complaint.
We now consider the correctness of the trial court’s order striking the affirmative defense alleged by defendants with respect to count two of the complaint. In considering the sufficiency of this defense all facts properly plead must be taken as true. If after the death of Mamie Holland, the plaintiff as her sole surviving heir at law conveyed to Thomas and Freeman his interest in the questioned property which he *795 Rad inherited from his deceased wife as homestead property, he would not be entitled to judgment for possession of that property ■as against the tenant of his grantees. We ■are therefore of the view that the stricken ■defense contains sufficient allegations of fact to preclude plaintiff from the relief he sought in his individual capacity, and that the court erred in striking that defense from the answer.
Furthermore it is noted that by the stricken answer it was brought to the court’s attention that the defendants named in the suit were merely the tenant and rental agent of those alleged to be the true owners of the property sought to be recovered. Our rules of procedure require that when it shall be made to appear by answer before trial that a party defendant in an action of ejectment is in possession as a tenant only, and that his landlord is not a party to the cause, the landlord shall be made a party before.further proceeding against the tenant, unless otherwise ordered by the court.[3] When it was brought to the court’s attention in this case that-the defendant Mandrell was occupying the property as the tenant of the alleged landlords Freeman and Thomas, it thereupon became the duty of the trial judge to order that the landlords be joined as parties defendant before proceeding further against the tenant, unless for sufficient cause it was otherwise ordered. The court’s failure to observe and comply with the mandatory requirement of the rule was error.
In oral argument before this court counsel for appellee concedes that the judgment appealed is not binding on Freeman and Thomas, and will not preclude them from instituting a separate proceeding to establish their title and right to possession of the property as against plaintiff, Charlie Holland. While we thoroughly agree with this premise, it must be recognized that this concession admits the existence of the very evil which the rule is intended to obviate. The injustice which results from failure to comply with the rule in question is emphasized by the result’reached by the final judgment which awards judgment for rents against the agent Freeman. Had the landlords been joined as parties defendant and been unable to establish their title to the property as alleged in the stricken affirmative defense, the judgment for the rental value of the property could have been properly awarded only against the 'landlords who received the rents and not against the rental agent as was done in this case.
For the reasons stated above the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed.
STURGIS, J., and SEBRING, HAROLD L., Associate Judge, concur.

. Carvell v. Kinsey, Fla.1956, 87 So.2d 577; Patrick v. Kirkland, 53 Fla. 768, 43 So. 969; 25 Fla.Jur. Pleadings, Sec. 93.

. F.S. § 733.01, F.S.A. — “(1) The personal representative shall take possession of the personal property wheresoever situate of a person who hereafter dies a resident of the state, and shall take possession of the real estate (except homestead) within the state of such a deceased person * *

. Rule 2.11(a), F.R.C.P., 31 F.S.A.