HOTEL LAST FRONTIER CORPORATION, a
NEVADA CORPORATION, APPELLANT, *v.* UNIVERSAL
MATCH COMPANY, a DELAWARE CORPORATION,
RESPONDENT.

No. 4326

February 24, 1961                    358 P.2d 896

*Morse and Graves* and *Lee R. Rose*, of Las Vegas, for
Appellant.

*Jones, Wiener and Jones* and *Boyd and Brennan*, of
Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Hotel Last Frontier Corporation has appealed from
a judgment in favor of Universal Match Company in

the sum of $4,024.98 as the agreed purchase price of certain advertising material consisting of matchbooks. At the trial Hotel Last Frontier Corporation contended that the purchaser of the books was New Frontier Hotel Corporation and that the plaintiff had sued the wrong corporation. We refer to the parties in their abbreviated names—Last Frontier, New Frontier, and Universal Match. The trial court held that Universal Match was dealing with the Last Frontier and rendered judgment accordingly. The same point is at issue here under the contention that the evidence does not support such finding and judgment. We have then before us a factual situation as developed by the witnesses and by the exhibits in evidence, and are concerned only with the question whether such evidence accords substantial support to the findings. We have concluded that it does and that the judgment must be affirmed.

Last Frontier owned and operated the Last Frontier Hotel, including the gambling casino, restaurant, and extensive grounds, buildings, and improvements. There was in contemplation a lease agreement with New Frontier, a corporation to be formed in the near future. Negotiations were carried on and apparently tentative agreements arrived at among three groups—the Last Frontier, the New Frontier, and something in the nature of a joint venture, to which interested individuals in the old corporation and the contemplated new corporation and others were parties.

Under these circumstances Last Frontier, in its corporate name, executed a purchase order from Universal Match for 2,000 cases of 5,000 books each at a specified price and at specified times of delivery. The matches advertised the New Frontier. The order recited, "Ordered by Last Frontier Hotel Corp. by C. Goshert." It also bore the signature of the salesman of Universal Match, R. B. Macgurn. Opposite the name of Last Frontier appeared also the name New Frontier Hotel. At the top of the purchase order appeared the words, "Bill to Last Frontier Hotel Corp." It was dated January 1, 1955. A rubber stamp upon the order read, "New Account." A second instrument denominated "Purchase Order," dated February 4, 1955, on which was

stamped "Construction Account," repeated the order, "per new sketch submitted by Dick Macgurn," had printed thereon: "Ship to: Hotel Last Frontier, Highway 91, Las Vegas, Nevada," with notation, "Attention: New Frontier Hotel." It bore the words, "Approved by Irving Leff," and was executed by the printed name, "Hotel Last Frontier, Inc., by C. Goshert." Goshert was identified as the purchasing agent of Last Frontier. Macgurn knew him to be such. Leff was identified as the executive vice president for the New Frontier.

There was a complete conflict between the testimony of Mr. Maurice H. Friedman, secretary-treasurer of the Last Frontier, and the testimony of Macgurn with reference to the situation under which the Last Frontier ordered the matches from Universal Match, bearing advertising matter for the New Frontier. Mr. Friedman outlined a situation which had in contemplation the incorporation of the New Frontier, a lease of all the hotel properties to the New Frontier, and a pre-incorporation agreement between the two (and to which certain persons were also parties with overlapping interests in both entities), under which it was understood that sundry matters, including such things as New Frontier advertising would be paid for by New Frontier. The important point in his testimony was that Universal Match and Mr. Macgurn, its agent, had full knowledge of such situation. Macgurn categorically denied any knowledge of any such agreement. The trial court resolved this in favor of Universal Match. It is not our function to say that the court should have rejected Macgurn's testimony and accepted Friedman's. Fishman v. Las Vegas Sun, 75 Nev. 13, 341 P.2d 102. We have, then, the court's determination, which we approve, that any understanding between Last Frontier and New Frontier not communicated to Universal Match could not be binding upon Universal Match.

New Frontier was incorporated March 9, 1955. It was adjudicated a bankrupt March 17, 1957. Last Frontier had suggested to Universal Match that the latter file its claim against the New Frontier in the bankruptcy

court. Universal Match refused, relying on its purchase order from and contract with the Last Frontier.

As a matter of law we find no error in the trial court's construction of the purchase order and contract. And Last Frontier does not even suggest in this court that there was any legal reason why it could not so bind itself for the purchase of advertising material for the New Frontier. With the trial court's rejection of Friedman's testimony that Universal Match and its agent were advised that the cost of the matches was to be paid for by New Frontier and was not to be paid for by Last Frontier, under the terms of an agreement between Last Frontier and the proposed incorporators of the New Frontier, and the court's acceptance of the testimony on behalf of Universal Match that it had no knowledge of such situation, the issues of the appeal must be resolved in favor of Universal Match.

The judgment is affirmed with costs.

PIKE and McNAMEE, JJ., concur.