**VALLEY BANK OF NEVADA,**
**Plaintiff,**

v.

**Clyde E. SKEEN, Defendant.**

**Civ. A. No. CA–3–5996–D.**

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 6, 1973.

Phillip N. Smith, Jr., Dallas, Tex., for plaintiff.

Henry D. Akin, Jr., Dallas, Tex., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ROBERT M. HILL, District Judge.

This diversity suit was filed by Valley Bank of Nevada (hereinafter "Valley Bank"), a banking institution organized and existing under the laws of the State of Nevada and having its principal place of business in Reno, Nevada. Clyde E. Skeen (hereinafter "Skeen"), defendant, is a citizen of the State of Texas and was a defendant in a Nevada suit in which Valley Bank was awarded a judgment. Valley Bank now seeks to enforce the Nevada judgment and it has moved for summary judgment alleging that there is no genuine issue as to any material fact. Rule 56, Fed.R.Civ.P.

### I. *The Nevada Judgment*

On May 16, 1972, the Second Judicial District Court of Washoe County, Nevada, rendered a default judgment in favor of Valley Bank against Skeen. The judgment shows that the suit was based on Skeen's liability to Valley Bank as a guarantor of a promissory note and that the default judgment resulted from Skeen's failure to appear at a deposition. The deposition was originally set on April 3, 1972, but was postponed until April 17, 1972. Skeen failed to appear on this latter date and he has failed to give any excuse either in the Nevada suit or in this instant case for his absence. Skeen's attorney, who appeared at the designated time and place for the taking of the deposition, expressed surprise at the non-appearance of his client and indicated that he had received no communication from Skeen which would explain his absence. Additionally, the reporter who was commissioned to take the deposition issued a certification of non-appearance against Skeen.

Upon notice to Skeen's attorney and pursuant to Rule 37 of the Nevada Rules of Civil Procedure, Valley Bank moved that Skeen's answer be stricken and that default judgment be entered. The trial court sustained the motion and awarded judgment in favor of Valley Bank for the full amount of the promissory note plus interest and attorney fees. Skeen appealed the default judgment to the Nevada Supreme Court contending that the trial court had abused its discretion and that the default judgment was violative of procedural due process since there was no determination by the trial court that Skeen's failure to make discovery was willful.

On July 9, 1973, in a unanimous written opinion the Nevada Supreme Court affirmed the entry of the default judgment. In that opinion the Nevada Supreme Court rejected Skeen's procedural

due process contention and held that default judgment under Rule 37 of the Nevada Rules of Procedure was permissible without consideration of Skeen's willfulness in failing to appear at the deposition. On September 17, 1973, the Nevada Supreme Court denied Skeen's motion for rehearing.

## II. *The Summary Judgment*

Valley Bank contends in its motion for summary judgment before this court that there is no issue of material fact as to the validity of the Nevada judgment and that the Nevada judgment is final and enforceable in the State of Texas.[1] Skeen opposes the motion for summary judgment on the basis that the Nevada judgment is void and is not entitled to full faith and credit since he was denied due process of law by entry of the default judgment. After considering the motion for summary judgment, the pleadings and the affidavits on file, this court is of the opinion that the issue of due process has been litigated in the Nevada courts and that the determination of that issue is res judicata. There being no issue of material fact left for this court to determine, the motion for summary judgment filed by Valley Bank should be sustained.

## III. *Res Judicata*

A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion even if it is a default judgment. Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929); Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947). The United States Constitution requires that "Full Faith and Credit shall be given in each State to the

. . . judicial Proceedings of every other State." Art. IV, § 1. This constitutional provision requires that every State give a foreign judgment the res judicata effect which the judgment would be accorded in the State which rendered it. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

It is uncontroverted that the Nevada courts had jurisdiction over Skeen and the subject matter of the default judgment. Further, it is unquestioned that the Nevada courts would give full res judicata effect to the default judgment. Having invoked the Nevada appellate procedure which afforded Skeen the opportunity of raising the issue of due process and having fully litigated this issue before the Nevada Supreme Court, public policy now dictates that there be an end of this litigation. American Surety v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932); Carter v. G & L Tool Company of Utah, 428 S.W.2d 677 (Tex.Civ.App.—San Antonio 1968). Skeen has pursued the issues now before this court to a final decision by the Nevada Supreme Court, and he cannot now escape the effect of the adjudication of the tribunal to which he has submitted his cause. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931); Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Hanley v. Four Corners Vacation Properties, 480 F.2d 536 (10th Cir. 1973); Carter v. G & L Tool Company of Utah, 428 S.W.2d 677 (Tex.Civ.App.—San Antonio 1968). *See*, Kendall & Harcourt v. Mather, 48 Tex. 585 (1878); Holmes v. Buckner, 67 Tex. 107, 2 S.W. 452 (1886); Weems v. Masterson, 80 Tex.

---

1. Before the Nevada Supreme Court issued its opinion on July 9, 1973, Valley Bank contended that the Nevada judgment was final for enforcement purposes, notwithstanding the pending appeal in the Nevada courts since Skeen has filed no supersedeas bond. Nevada

Civil Statutes, Rule 73(d); Fishman v. Las Vegas Sun, 75 Nev. 13, 333 P.2d 988, 341 P.2d 102 (1959); Van Natta v. Van Natta, 200 S.W. 907 (Tex.Civ.App.—Amarillo 1918, writ ref'd).

98

45, 15 S.W. 590 (1891); Gehret v. Hetkes, 36 S.W.2d 700 (Tex. Comm'n App. 1931); Benson v. Mangum, 117 S.W.2d 169 (Tex.Civ.App.—San Antonio 1938, writ ref'd). Having had his day in court as to the issue of due process, Skeen cannot now relitigate that issue before this court. The Nevada judgment is res judicata as to issues of due process raised by Skeen in his pleadings in this case and it is entitled to full faith and credit by this court.

## IV. *Procedural Due Process*

▪ Assuming *arguendo* that the doctrine of res judicata does not apply to this instant case, this court is of the opinion that it was not a violation of due process for the Nevada trial court to enter default judgment. Defendant Skeen has never alleged in either his answer or by way of a controverting affidavit that his failure to appear at the deposition was not wilful or beyond his control. In Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L. Ed.2d 1255 (1958), the court held that a default judgment is a proper sanction if the failure to make discovery is due "to willfulness, bad faith or any fault" and not "due to inability." The court further concluded that willfulness was relevant only to selection of sanction, if any, to be imposed. In *Rogers*, the default judgment was reversed only on the strength of a finding that a party had made good faith and diligent efforts to comply with the discovery motions. Further, Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L. Ed. 530 (1909), established that it is not a denial of due process to enter a default judgment for the failure to comply with discovery when the trial court can presume that the failure to produce material evidence was but an admission of the want of merit in defenses asserted in the pleadings. Both *Rogers* and *Hammond* recognize that a trial court has the inherent power to presume the

bad faith and untruth of an answer where a party suppressed proof essential to the disposition of the case. Skeen has failed to allege any issues of fact which rebut the Nevada trial court's presumption of "willfulness, bad faith or fault" by Skeen's failure to appear at the deposition.

▪ Additionally, this court is of the opinion that the entry of default judgment without a hearing by the Nevada trial court was not a denial of due process. Due process does not require that a defendant in every civil case actually have a hearing on the merits. A State can enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance or violates a procedural rule requiring the production of evidence. Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914 (1876); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). The Constitution only requires that an opportunity be granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case. *Boddia, supra* at 378, 91 S.Ct. 780. This constitutional right for an opportunity to be heard may be afforded after the entry of default judgment by an appeal from that judgment. American Surety v. Baldwin, 287 U.S. 156, 168, 53 S.Ct. 98, 77 L.Ed. 231 (1932). The Nevada state practice provides an opportunity for such a hearing by an appeal to the Nevada Supreme Court. Having invoked this state procedure and raising the issue of procedural due process on its merits, Skeen cannot now escape the effect of that adjudication and utilize the same issue as a basis for relief before this court. *American Surety, supra* at 169, 53 S.Ct. 98.

For the foregoing reasons it is ordered that the Motion for Summary Judgment filed by the Valley Bank is sustained. The Valley Bank is directed to submit a judgment consistent with this memorandum opinion and order.