GRIMES, Judge.
This is an appeal from an order upholding a claim, against an estate.
The claim originated because of two bonds issued by appellee, United States Fidelity and Guaranty Co., to Lee County conditioned upon Boca Grande Hotel, Inc. causing certain roads to be built in a subdivision. Robert S. Baynard, who was president of Boca Grande Hotel, Inc., executed a document whereby he agreed to indemnify appellee against any losses sustained by reason of the issuance of the bond. Thereafter, the following events occurred on the dates indicated:
July 17, 1968 — Lee County filed suit against Boca Grande Hotel, Inc. and ap-pellee alleging unsatisfactory completion of the roads in the subdivision;
May 6, 1969 — Robert S. Baynard died;
May 17, 1969 — Notice to creditors published which specified November 17, 1969, as the last day for filing claims against the estate;
October 2, 1969 — Appellee filed two claims for the face amount of the bond plus attorney’s fees and costs reciting that they were contingent in nature because the suit by Lee County was still pending and appellee’s liability had not yet been determined;
January 31, 1972 — The suit by Lee County against the bond was dismissed;
June 23, 1972 — Lee County formally released appellee from any claims against the bonds;
February 16, 1973- — Appellee filed a claim against the estate for attorney’s fees and costs totalling $2,929.57 incurred by appellee in connection with the bond suit;
March 6, 1973 — The executrix filed an objection to the claim of February 16, 1973;
June 8, 1973 — The court dismissed the claim of February 16, 1973, but granted appellee twenty days within which to file a petition to enforce its contingent claim;
June 29, 1973 — Appellee filed a petition to enforce the contingent claim.
Pointing out that no objection to appel-lee’s claim had ever been filed until March 6, 1973, the executrix raised Fla.Stat. § 733.211 (1973) as a bar to the claim. Nevertheless the court entered an order directing the executrix to pay the claim. We reverse.
Fla.Stat. § 733.211 reads as follows:
“733.211 Claims undisposed of after three years barred. — (1) Whenever anyone shall have filed a claim against any estate in any probate proceedings in this state, in accordance with this chapter, and which claim has not had objection filed thereto or has not been paid, settled or otherwise disposed of and no proceeding is pending for the enforcement or *833 compulsory payment thereof, then at the expiration of three years from the date such claim is filed such claim shall be forever barred and foreclosed and have no further force or effect and no proceeding or action shall thereafter ever be brought for enforcement or payment of same. This section shall not affect the lien of any duly recorded mortgage or the lien of any person in possession of personal property or the right to foreclose and enforce such mortgage or lien.” (emphasis added)
Appellee was a party to the suit on the bonds. In fact, it was appellee’s attorneys who procured the release from the county against the bonds. At that time, there was still more than three months within which to file a petition setting forth that its right to recover the attorney’s fees and costs had now become vested. Even if the claim filed on February 16, 1973, was construed as such a petition, this was still more than four months after the passage of three years from the date of the original claims. The claims were already barred by the statute. In re Brown’s Estate, Fla.1960, 117 So.2d 478. Since the objection of the executrix was not filed until after the expiration of the three year period, it could not be considered as the type of objection contemplated by the statute, particularly in view of the fact that one of the grounds of the objection, as later amended, was a defense predicated upon the statute itself.
There is no support in the record for the court’s observation that “a cooperative effort was made by claimant and representatives of the executrix of the Estate of Robert S. Baynard to settle the claim and in fact an agreement involving the total contingent claim was reached.” We expressly decline to express an opinion on what would have been the result had appel-lee’s claim not become vested until after the three year limitation period had run.
Reversed.
HOBSON, A. C. J., and BOARDMAN, J., concur.