LETTS, Chief Judge.
Appealed here is a trial court ruling requiring payment of claim against an estate despite failure by the creditor to petition the probate court for payment within one year from the date the claim was filed. We affirm.
The deceased was a guarantor of a $50,-000 promissory note, in default, in favor of the Pan American Bank which commenced suit on the note in Circuit Court. Thereafter upon the death of the decedent the Bank timely filed its statement of claim against his estate (which was not objected to), substituted the estate as a party defendant[1] and the suit on the note progressed in circuit court resulting in a final judgment in favor of the Bank, rendered prior to the expiration of one year from the date the claim was filed. Some time later, and after the expiration of a year from the date of *1108 claim, the Bank petitioned the probate court for payment whereupon the estate responded with argument that the claim was barred under Section 733.709, Florida Statute (1977). The trial judge disagreed and allowed the Bank’s claim. So do we.
Section 733.709 provides as follows:

Claims undisposed of after 1 year

When a person has filed a claim against an estate and the claim has not been paid, settled, or otherwise disposed of and no proceeding is pending for the enforcement or compulsory payment of it at the expiration of 1 year from the date the claim was filed, the claim shall be forever barred. No action shall thereafter be brought to enforce it. This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien.
Pursuant to this statutory wording, the estate contends that, because the instant claim was not paid or settled within a year although the suit on the note was concluded within that year, it is therefore barred. To quote from the language of Judge Schwartz, the estate thus seeks victory from a “gotcha!” maneuver. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979). We fully realize that affirmative “gotcha!” defenses, frequently are, and should be, upheld. This case, however, is not one of those.
The estate urges upon us, In re Estate of Baynard, 307 So.2d 831 (Fla. 2d DCA 1975) which does in some respects support its position. To us, however, there is a vital distinction. In Baynard, the unsuccessful claimant in the circuit court proceeding never named the estate as a defendant and no judgment was ever obtained against the estate either before or after the passage of the statutory period first above referred to.
We have read and reread the applicable statute quoted above and while we agree that, like so many others, it is no model of clarity, we see nothing in its wording to bar the instant claim. Nor do we believe the legislative purpose was to do so. See In re Oxford’s Estate, 372 So.2d 1129, 1132 (Fla. 2d DCA 1979).
To us a proceeding against this estate was “pending for the enforcement or compulsory payment” of this claim at the end of the year. A final judgment against the estate, rather than the decedent had been obtained, enforceable for- twenty years[2] and it had not been “paid, settled, or otherwise disposed of.” In the sense of settlement or payment, it is still as of now very much pending. Were we to hold otherwise, absurd as well as inequitable results could pertain. For example, a suit commenced against the estate within one year but not concluded in that time, would bind the estate only as long as it remained unresolved and not concluded. Thereafter, under the estate’s reasoning, upon the instant of the entry of the final judgment, the suit would be no longer “pending” and the claim would not have been disposed of within a year— ergo uncollectable. Such a Catch 22 result is unacceptable and we will not permit it.
We also reject any thought that this opinion subverts the purpose of the new probate code which seeks as one of its main objectives, the early conclusion of probate. In the case before us, as soon as the final judgment on this properly filed and unob-jected to claim was awarded against the estate, the personal representative should have either appealed it or sat himself down and written a check for it which latter action would have permitted a much earlier termination of the estate proceedings than has in fact occurred.
Although not necessary to this result, nor set forth in the record, we are confident that this indebtedness was taken as a deduction on the 706 estate tax return. Assuming this to be so, surely the estate should be estopped to deduct the item as a debt, actively defend the suit in circuit court, lose that suit and then successfully refuse to pay the creditor upon the premise that the properly filed and unobjected to *1109 claim was “otherwise disposed of.” We certainly hope so.
WE AFFIRM THE LOWER COURT JUDGMENT ON THE NOTE, FOR COSTS AND ATTORNEYS FEES.
MOORE and HERSEY, JJ., concur.

. So far as the record shows, this substitution was accomplished without objection from the estate. Had an objection been lodged and sustained, the Bank no doubt would have proceeded in the probate estate instead.

. Limitation on Lien of Judgment, § 55.081, Fla.Stat. (1977).