400 So.2d 771 (1981)
Lawrence HEIMER and Barbara Heimer, Appellants,
v.
TRAVELERS INSURANCE COMPANY, Appellee.
No. 80-1288.
District Court of Appeal of Florida, Third District.
June 2, 1981.
Rehearing Denied July 31, 1981.
*772 Joel V. Lumer, Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro, Miami, and Forbes M. Bouche, for appellants.
Thompson & Clark and Jack E. Thompson, Miami, for appellee.
Before DANIEL S. PEARSON, and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
Lawrence and Barbara Heimer appeal solely from a judgment entered in favor of Travelers Insurance Company, the insurer of Motorama Exports Corporation. This judgment was entered after the trial court vacated its earlier judgment in favor of the Heimers entered on a jury verdict awarding them damages resulting from a collision with a vehicle negligently driven by John Ferraro. The judgment for Travelers flowed from a post-trial order directing a verdict for Motorama because the Heimers had failed to prove that Motorama owned the vehicle, that the vehicle was operated by Ferraro with Motorama's knowledge and consent, and that the vehicle was operated by Ferraro in the course and scope of his employment by Motorama.
This case is another, perhaps the momentary epitome, in the seeming resurgence of the "sporting theory of justice,"[1] a phenomenon which has met with our consistent disapproval. See Holyoke Mutual Insurance Company in Salem v. Concrete Equipment, Inc., 394 So.2d 193 (Fla. 3d DCA 1981); State v. Anders, 388 So.2d 380 (Fla. 3d DCA 1980); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979). See also Achin v. State, 387 So.2d 375 (Fla. 4th DCA 1980); In re Estate of Osborn, 383 So.2d 1107 (Fla. 4th DCA 1980). In the words of this court, speaking through Judge Schwartz:
"In earlier times, the rule we apply in this case was said to reflect the feeling that a party may not `mend his hold,' ... *773 or `blow hot and cold at the same time' or `have his cake and eat it too.' ... Today, we might say that the courts will not allow the practice of the `Catch-22' or `gotcha!' school of litigation to succeed." Salcedo v. Asociacion Cubana, Inc., supra, at 1339.
The Heimers' complaint against Ferraro, Motorama and Travelers alleged that Motorama, insured by Travelers, owned the offending vehicle and that at all material times Ferraro was driving it with Motorama's consent and knowledge and in the course and scope of his employment by Motorama. The joint answer filed by the defendants admitted these allegations. The Heimers, with these admissions in hand, could not have foreseen what was in store for them when, as a next step in the proceedings, they served interrogatories on the defendants.
Months went by. The defendants failed to respond to the interrogatories. The court ordered the defendants to answer the interrogatories within thirty days under pain of having their pleadings stricken. Still no effort to respond to the interrogatories was made. The court struck the defendants' pleadings, including, of course, the answer to the complaint.[2]
The case proceeded to trial. At the commencement of trial, the court informed counsel for the Heimers that they would have to prove Motorama's liability for Ferraro's actions.[3] The court reasoned that because the defendants' pleadings were struck, the admissions contained in their answer were struck. Thus was the baby thrown out with the bathwater. Rescue efforts failed  the Heimers fell woefully short of proving that Motorama owned the vehicle or that Ferraro had any connection with Motorama.[4]
We unhesitatingly reverse the judgment appealed and remand this case to the trial court with directions to reinstate the judgment entered in favor of the Heimers against Travelers.
First, we will not tolerate a result which rewards parties for their recalcitrance by annulling admissions made in their pleadings and which burdens an innocent party seeking discovery and sanctions with proving a previously undisputed fact. It is painfully obvious that a party who is, purportedly, to be punished for willful misconduct should not reap benefits from that misconduct. When the sanction of striking pleadings is employed, the sanction cannot operate to invalidate those pleadings, or parts of pleadings, that are of advantage to the party seeking the sanctions.[5] We find no case on point. We are, however, encouraged by the absolute dearth of authority, which, in itself, is the most telling demonstration *774 of the impropriety of the trial court's ruling.
The alternative basis for our reversal is that even if the trial court had properly struck the entirety of the defendants' answer, including their admissions, the effect of that action was, in any event, to cause all of the allegations in the Heimers' complaint to be undenied and thus admitted. See Fla.R.Civ.P. 1.110(e)[6]; see also Trustee of Chase Manhattan Mortgage and Realty Trust v. Sailboat Apartment Corp., 323 So.2d 654 (Fla. 3d DCA 1976).[7]
Florida Rule of Civil Procedure 1.380 is patterned on Federal Rule of Civil Procedure 37, and thus, both the history and the interpretation of the Federal Rule are persuasive in aiding us in interpreting the Florida counterpart. Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla. 3d DCA 1981); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980). The Notes of the Advisory Committee on Rules accompanying Federal Rule of Civil Procedure 37 indicate that the rule was adopted in accord with Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909). In Hammond, the United States Supreme Court held that an Arkansas statute permitting the striking of pleadings for the failure to respond to discovery did not deny due process, since there exists an "undoubted right of the lawmaking power to create a presumption of fact as to the bad faith untruth of the answer to be gotten from the suppression or failure to produce the proof ordered." It is this very presumption of fact that underlies Federal Rule of Civil Procedure 37 and Florida Rule of Civil Procedure 1.380, and which requires that a stricken answer become the equivalent of no answer and be deemed an admission of the allegations in the complaint. See also Norman v. Young, 422 F.2d 470 (10th Cir.1970); Black v. United States, 389 F. Supp. 529 (D.D.C. 1975); Valley Bank of Nevada v. Skeen, 366 F. Supp. 95 (N.D.Tex. 1973).
Travelers attempts to justify the judgment below by arguing that if the Heimers were to be relieved of the necessity of proof, it was incumbent upon them to obtain a default judgment against the defendants.[8] This argument ignores that Rule 1.380(b) contains alternative sanctions, including striking in whole or in part a pleading, rendering a default judgment, and entering an order that certain facts be taken as established. These sanctions, or others, might have been employed by the trial court separately or in combination. While the entry of a default judgment is frequently employed in combination with the striking of pleadings, see cases in n. 2, supra, and, in the present case, procuring its entry might well have averted the bizarre events which transpired, the absence of a default judgment does not mean that the Heimers were required to prove that which is deemed admitted in law.
Reversed and remanded with directions to reinstate the judgment for the Heimers against Travelers.
NOTES
[1] It is believed that the phrase was first coined by Roscoe Pound. See R. Pound, the Cause of Popular Dissatisfaction With The Administration of Justice, 29 A.B.A.Rev. 395, 404 (1906). It has since been used to describe litigation which is "a contest between two gladiators with surprise and technicalities as their chief weapons," that is, the antithesis of an orderly search for truth. A. Vanderbilt, Cases and Materials on Modern Procedure, at 10 (1952). The blood relative of the "sporting theory of justice" is "trial by ambush."
[2] No issue is, or was, taken with the propriety of this action, which, indeed, is fully recognized as a sanction within the court's arsenal of power when a defendant fails to make discovery. See, e.g., Overseas Equipment Co., Inc. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla. 3d DCA 1979); Synthetic Environmental Development Corp. v. Sussman, 275 So.2d 291 (Fla. 3d DCA 1973); Riley v. Gustinger, 235 So.2d 364 (Fla. 3d DCA 1970). In keeping with the condition precedent to the imposition of this sanction, see Remington Construction Co. v. Hamilton Electric, 181 So.2d 183 (Fla. 3d DCA 1966), the trial court first directed the defendants to respond to the interrogatories.
[3] The defendants became active participants in the action of the court. Immediately before the trial commenced, in a colloquy with the court and the Heimers' counsel, counsel for Motorama stated on behalf of the defendants:

"[Motorama's counsel]: The pleadings were struck by the defendants [sic]. What effect would that have? I assumed that was a determination on liability.
....
"The Court: Well, I would assume that there is no issue as to liability. Wouldn't you agree?
"[Motorama's counsel]: Yes."
Despite this concession, the defendants moved for directed verdicts in their favor after the trial court required the plaintiffs to prove liability.
[4] The best that the plaintiffs could muster at this point was Mr. Heimer's testimony that immediately after the collision Ferraro had told him that he worked for "some export motor company" which owned the vehicle.
[5] Florida Rule of Civil Procedure 1.380(b)(2)(C) specifically provides for "[a]n order striking out pleadings or parts of them ... ." (emphasis supplied).
[6] This rule provides: "Averments in a pleading to which responsive pleading is required, other than to those as to the amount of damages, are admitted when not denied in a responsive pleading."
[7] While in Sailboat Apartment Corp. we reversed the trial court's order on the ground that the record, unlike the record here, did not support a finding of willful non-compliance, we note that the language employed by the trial court in that case, "Each and every pleading ... [of the defendant] ... is hereby stricken from the record of this cause, and this file shall be deemed to be the same as if the said [defendant had] failed to file or serve any paper in this action" accurately describes the effect of striking.
[8] Travelers also suggests that admissions in an answer are meaningless. We are not here concerned with the rule allowing inconsistent and alternative defenses. The admissions contained in the defendants' answer here are "accepted as facts without the necessity of supporting evidence." Vann v. Hobbs, 197 So.2d 43 (Fla. 2d DCA 1967); Sponholtz v. Sponholtz, 180 So.2d 497 (Fla. 3d DCA 1965); Freeman v. Holland, 122 So.2d 791 (Fla. 1st DCA 1960).