SHAHOOD, Judge.
This casé involves a partition action of certain real property held by appellee, Thelma Lyons and decedent, Louis Skinner, Jr., as tenants in common, with each owning an undivided 50% interest in the property. Ap-pellee filed a partition action against various defendants having an interest in said property, including, appellant, Gloria Davis f/k/a Gloria Skinner, .who was a judgment creditor *795 of decedent Louis Skinner, Jr. The trial court granted Final Summary Judgment in favor of appellee, finding the property to be indivisible and not subject to partition, and thereafter authorized a private sale of the subject property. In making specific findings with regard to the parties’ respective interests in the property, the trial court extinguished appellant’s interest in the property and found that her interest shall not be satisfied from the proceeds of the sale. We reverse and remand for further proceedings.
Appellee filed her partition action of real property pursuant to Chapter 64, Florida Statutes, against all defendants who might have an interest in the property, including: the Estate of decedent Louis Skinner and his heirs, Linton Skinner, Louis Skinner III and Nekori Skinner; First Tennessee Bank, a first mortgagee; Barnett Bank, a judgment creditor; and Davis, a judgment creditor of decedent Skinner.
The complaint alleged in part that:
Defendant, Gloria Davis f/k/a Gloria Skinner-has an interest as a judgment creditor of the decedent, Louis Skinner, Jr. at Official Records 4942, Page 1276 and Official Records 8549, Page 548 in the public records of Palm Beach County, Florida.
The relief requested in the complaint was as follows:
A. Order the private sale of the Property and distribute the proceeds thereof amongst the Plaintiff and Defendants as their interest may appear;
B. Determine the parties respective interest in the Property;
C. Distribute proceeds from the sale for reimbursement to the Plaintiff for payment of the mortgage, insurance, taxes, and essential repairs to the property;
D. Award Plaintiff reasonable attorney’s fees and costs incurred in this action, and order the payment of same from the proceeds of sale, with each party to bear a proportional share thereof; and
E.Such further relief as this Court deems just and appropriate.
Appellant answered the complaint pro se and admitted the allegation concerning her interest in the subject property. After appellant and several co-defendants failed to respond to several requests for discovery filed by appellee, the trial court ultimately ordered that their answers and affirmative defenses be stricken.
Thereafter, appellee filed a motion for summary judgment, noting in the motion that the answer and affirmative defenses of the Skinner heirs and Davis were stricken and that a default was entered against Barnett Bank. Included in the prayer for relief appellee requested that the property be sold by private sale, that the outstanding mortgage with First Tennessee Bank be satisfied from the sale proceeds, that the Personal Representative’s fee for the Estate of Louis Skinner be satisfied from sale proceeds awarded to the Skinner heirs, contribution from the Skinner heirs for one-half of appel-lee’s reasonable attorney’s fees and costs incurred in bringing the partition action, and a determination that appellant’s Hen not be satisfied from the property and that the property be sold free of such Hen.[1]
In support of her motion for summary judgment, appellee filed her affidavit and a stipulation regarding the priority of mortgage. The stipulation acknowledged that First Tennessee Bank held a mortgage against the property executed by Lyons and the decedent, as mortgagors, which is superi- or to any claims filed by other parties to the lawsuit. However, both the affidavit and stipulation are silent as to the judgment Hen held by appellant against decedent Skinner’s undivided 50% interest in the property.
Neither appellant nor the Skinner, heirs appeared at the hearing on the motion. Thereafter, the trial court entered Final Summary Judgment which contained the following provisions relating to appellant:
13. That Plaintiff, Thelma Lyons, is entitled to contribution from Defendants, the *796 Estate of Louis Skinner, Jr., Nekori Skinner, Louis Skinner, III, Linton Skinner and Gloria Davis pursuant to Florida Statutes § 64.081 for reasonable attorney’s fees and costs for this action.
14. That the Court reserves on its determination of the amount of reasonable attorneys fees and costs incurred by Plaintiff, Thelma Lyons and subject to contribution from the other Defendants pursuant to Florida Statutes § 64.081 and same shall be heard upon the setting of a hearing by any of the parties.
17. Execution shall issue in favor of the Plaintiff, Thelma Lyons against Defendants, Linton Skinner, Louis Skinner, III, Nekori Skinner and Gloria Davis for any monies remaining due to Plaintiff pursuant to provisions 9,10, 11,12,13 and 14 herein.
18. The interest and lien of Defendant, Gloria Davis, shall not be satisfied and that the property shall be sold free of any liens and interest of Defendant, Gloria Davis.
, We hold that the striking of appellant’s answer, including the admissions in the answer had the effect of rendering all of the allegations in appellee’s verified complaint to be undenied and therefore admitted. See Heimer v. Travelers Ins. Co., 400 So.2d 771 (Fla. 3d DCA 1981). Since the verified complaint acknowledged appellant’s judgment lien and prayed that the net proceeds be distributed to all of the defendants below as their interests appeared, appellant’s interest in the property was an undisputed fact, and, therefore, not a question of fact before the court on summary judgment.
As appellant’s lien has no bearing on appellee’s undivided 50% interest in the property, there were no questions of fact remaining as to appellee’s interest in the property and her portion of the proceeds from the sale. However, there remained issues of fact as it pertained to the validity and priority of appellant’s judgment lien as it affected the Skinner Estate and the" Skinner heirs’ portion of the proceeds from the sale of the property. As such, this matter must be reversed and remanded for further proceedings to determine the validity of appellant’s lien as it affects the Skinner Estate and- its heirs and whether said lien should have been extinguished.
Since we are reversing the Final Summary Judgment, we also reverse the award of attorney’s fees in favor of appellee. The trial court, may, at the conclusion of proceedings consistent with this opinion, award attorney’s fees to the prevailing party based on section 64.081, Florida Statutes.
REVERSED AND REMANDED.
DELL and FARMER, JJ., concur.

. As it pertains to appellant, the prayer for relief requested that the trial court:
-Determine that the liens and interest of Defendant, Gloria Davis f/k/a Gloria Skinner shall not be satisfied and that the property shall be sold free and clear of any liens and interest of Defendant, Gloria Davis.