80 So.2d 673 (1955)
In re ESTATE of Esther BUSH, Deceased.
Supreme Court of Florida. Special Division A.
April 29, 1955.
Rehearing Denied June 20, 1955.
*674 Sam E. Murrell, Orlando, for appellant.
G. Wayne Gray, Orlando, for appellee.
FLOYD, Associate Justice.
Esther Bush died intestate at Orlando, Florida, on May 14, 1953, leaving an estate estimated at $38,000. She was survived by a brother, George Styles, a resident of Sedalia, Missouri, and eleven nephews and nieces, all non-residents of Florida. No Petition for appointment of an Administrator was made to the County Judge for approximately nine and one-half months after death. On March 2, 1954, one Lois Tuggle, an alleged creditor of the estate, filed a Petition for Letters of Administration requesting that Sam Murrell, Jr., be appointed Administrator. The Petition recited the name and address of decedent's brother and one of the nieces, but no citation was issued or served on either of them. Based upon this Petition, the County Judge issued Letters of Administration to Sam Murrell, Jr. Bond was made and executed, and Sam Murrell, Jr., began to marshall the assets of the estate.
On March 11, 1954, George Styles, decedent's brother, filed an Answer to the Tuggle Petition, and simultaneously requested that the Letters of Administration issued pursuant thereto be revoked; further, he waived his right or privilege to serve as Administrator and named in his place and stead his attorney, G. Wayne Gray. Sam Murrell, Jr., and Lois Tuggle moved to dismiss the Styles' Petition, and the County Judge granted their Motion on the following grounds:
1. That it affirmatively appeared that Sam E. Murrell, Jr., was entitled to preference in appointment as Administrator according to the provisions of Section 732.44, F.S., F.S.A., and
2. That it affirmatively appeared that Styles waived his right to act as Administrator of the Estate, and therefore the County Judge properly appointed Sam Murrell, Jr., as Administrator.
George Styles appealed the Order of the County Judge Dismissing his Petition to the Circuit Court, and on September 2, 1954, the Circuit Judge entered an Order reversing the Order of the County Judge and held that the Order of Appointment of Sam E. Murrell, Jr., as Administrator was void ab initio, and the cause was remanded by the Circuit Judge with instructions to the County Judge that he make an Order revoking, vacating and setting aside the County Judge's previous Order. Sam Murrell, Jr., appealed the Order of the Circuit Judge to this Court, contending that in view of the fact that no Petition for Letters of Administration had been filed by decedent's next of kin for approximately nine and one-half months after death, that under Section 732.44(4) the appointment of Sam Murrell, Jr., was valid, and further that since George Styles waived his right or privilege to serve as Administrator in a subsequent Petition that the original appointment of Sam Murrell, Jr., should stand.
We are of the opinion that before the provisions of Section 732.44, F.S., F.S.A., relating to preference in appointment of an Administrator are effective, they must first give way to the provisions of Section 732.43, F.S., F.S.A., relating to the procedural *675 requirements of the Petition for Letters of Administration. Subsection (3) of Section 732.43, F.S., F.S.A., is as follows:
"No citation need be served or notice given of the granting of letters of administration when it appears by the petition that the petitioner is entitled to preference of appointments; but, before letters shall be granted to any person who is not entitled to preference, citation shall issue to all known persons qualified to act as administrator and entitled to preference over the person applying, unless those entitled to preference waive same in writing."
It is noted that "before letters shall be granted to any person who is not entitled to preference, citation shall issue to all known persons qualified to act as administrator and entitled to preference over the person applying, unless those entitled to preference waive same in writing." The Petition of Lois Tuggle sets forth the name and address of George Styles as the next of kin of the decedent. This immediately shows that George Styles was "entitled to preference over the person applying". Further, George Styles had not, at the time the Tuggle Petition was filed, waived his preference in writing. The rights of the parties are determined at the time the Petition is filed, not by a subsequent waiver signed by Styles. Therefore, a serious and fatal omission had occurred at the time Sam Murrell, Jr., was appointed Administrator. The provisions of Subsection (3), Section 732.43, supra, are mandatory, not permissive, and unless a citation is issued to those entitled to preference and whose whereabouts are known, the County Judge lacked an essential jurisdictional element over the person whose interest is affected.
Appellant Murrell contends however that even though no citation was issued, that under Subsection (6) of Section 732.44, F.S., F.S.A., Styles eliminated himself from the ladder of preference by waiving his right or privilege and naming his attorney to act in his place and stead. We construe the subsequent waiver as at least conditional in that it is apparent from his waiver that he couples it with a desire and authorization for his attorney to act. Subsection (6) of the latter statute permits one entitled to preference to be appointed himself. Styles did not seek the appointment himself, but requested that his attorney be appointed. It is not essential to the decision of this case that this contention be answered in view of our answer to the jurisdictional question.
Therefore, it is the opinion of this Court that the Order of the Circuit Judge reversing the Order of the County Judge granting the Motions to Dismiss the Petition of George W. Styles, be, and the same is hereby affirmed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.