Amedeo **GIRARDI**, doing business as
Girardi Bearing Company,
Plaintiff,

v.

The **GATES RUBBER COMPANY SALES
DIVISION**, Inc., Defendant.

No. 36899.

United States District Court
N. D. California, S. D.

Dec. 7, 1965.

G. Joseph Bertain, Jr., and Joseph L. Alioto, San Francisco, Cal., for plaintiff.

Heller, Ehrman, White & McAuliffe, San Francisco, Cal., and Dayton Denious, Denver, Colo., for defendant.

SWEIGERT, District Judge.

This is a civil antitrust action brought under the Sherman Act, § 1, 26 Stat. 209 (1890), 15 U.S.C. § 1 (1964) and the Clayton Act, §§ 3, 4, 38 Stat. 731 (1914), 15 U.S.C. §§ 14, 15 (1964).

The case is before the Court upon a motion for summary judgment by defendant, pursuant to Fed.R.Civ.P. 56, requesting the Court to enter judgment for defendant on the ground that it appears on the face of the complaint that the action is barred by the California statute of limitations.

The complaint alleges that prior to April 6, 1954, the plaintiff had contracts of distribution with the defendant whereby the plaintiff was named as the authorized distributor for defendant's belts and pulleys, and that on April 16, 1954, the defendant cancelled these contracts and refused to deal with plaintiff; that the cancellation of the contracts and defend-

ant's refusal to further deal with plaintiff was in violation of the antitrust laws, and that plaintiff has been damaged as a result of the violation.

Defendant contends that the applicable statute of limitations commenced to run from April 6, 1954, the last overt act alleged in the complaint; that the applicable statute is Cal.Code Civ.Proc. § 340(1), the California one-year limitation according to Leh v. General Petroleum Corp., 330 F.2d 288 (9th Cir. 1964), rev'd on other ground, 382 U.S. 54, 86 S.Ct. 203, 15 L.Ed.2d 134 (Nov. 8, 1965); that the action was commenced December 3, 1957, three years and eight months after the last alleged overt act, and is therefore shown on the face of the complaint to be barred.

Plaintiff opposes the motion upon the ground that defendant has waived any right to invoke any statute of limitations because of defendant's failure to raise the issue of the statute of limitations by pleading, motion or otherwise during the period of more than six years from the commencement of the action to the filing of the pending motion on June 12, 1964—a contention that makes it necessary to review the record of this litigation.

The action commenced December 3, 1957, came to trial on March 13, 1962, and at the close of the presentation of plaintiff's case, defendant moved that the action be dismissed because of the plaintiff's failure to establish a prima facie case as to conspiracy. The motion was granted and judgment of dismissal of the action followed. On appeal, the judgment was reversed and remanded for trial. Girardi v. Gates Rubber Co., 325 F.2d 196 (9th Cir. 1963).

On April 9, 1964, the plaintiff filed his motion to have the action set for trial pursuant to the mandate of the Court of Appeals.

On April 2, 1964, the Ninth Circuit had rendered its decision in Leh v. General Petroleum Corp., supra, [hereinafter referred to as Leh] to the effect that it was not clearly erroneous for a trial court to apply the one-year California statute of limitations to treble damage actions under the federal antitrust laws if the federal antitrust statute of limitations was not applicable.

The federal statute of limitations [69 Stat. 283 (1955), 15 U.S.C. § 15b], fixing a limitation of four (4) years for antitrust actions, became effective on January 7, 1956. It provided, however, that no cause of action barred under existing law on its effective date shall be revived.

Promptly after the decision in Leh, defendant filed its pending motion for summary judgment—a motion which raises for the first time the defense of the statute of limitations.

In explanation of its failure to earlier raise the defense, defendant contends (and plaintiff apparently agrees) that prior to Leh it was generally assumed that the California three-year statute of limitations was applicable to actions commenced prior to January 7, 1956, the effective date of the federal four-year statute, and since the present action, commenced on December 3, 1957, was not yet "barred" by the three-year California statute on January 7, 1956, the federal four-year statute became applicable to the pending action.

Defendant contends (although plaintiff disagrees) that the 1964 decision in Leh definitively holds that the California one-year statute of limitations applicable to suits for statutory penalties or forfeitures, Cal.Code Civ.Proc. § 340(1), rather than the California three-year statute of limitations respecting actions on a statutory liability other than a penalty, Cal.Code Civ.Proc. § 338(1), applies to antitrust suits which were filed prior to the effective date of the federal antitrust statute of limitations. Defendant points out that in Leh the Court distinguished rather than overruled, prior cases which seemed to indicate that the California three-year statute applied.

The defendant contends that, applying the California one-year statute of limitations, the present action was barred on

January 7, 1956, the effective date of the federal statute, and as expressly provided in the federal statute, was not thereby revived.

Defendant contends that under these circumstances it should not be held to have waived the defense of the statute of limitations since, upon its assumptions prior to the 1964 decision in Leh, the action did not appear to be subject to any such defense.

Fed.R.Civ.P. 12(h) provides that:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted * * * may also be made by a later pleading, if one is permitted, or by a motion for judgment on the pleadings or at the trial on the merits * * *."

Fed.R.Civ.P. 12(b) provides that:

"Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted, * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *"

Fed.R.Civ.P. 8(c) provides that "In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * *."

It has been held, however, that, where the defense of statute of limitations appears upon the face of a complaint, (as is contended in the pending case), the defense need not be raised in an answer under Fed.R.Civ.P. 8(c) and 12(h) but may be raised by a motion under Rule 12(b) (6) to dismiss for failure of the complaint to state a claim, or by a motion for summary judgment under Fed.R. Civ.P. 56. Suckow Borax Mines Consol. v. Borax Consol., Ltd., 185 F.2d 196, 204–205 (9th Cir. 1950).

It has also been held that a waiver of the defense of limitations is not final in the sense that it precludes the raising of the defense after remand for a second trial and that the raising of the defense then becomes a matter within the discretion of the trial court. Emich Motors Corp. v. General Motors Corp., 229 F.2d 714, 717–718, 59 A.L.R.2d 159 (6th Cir. 1955); See also Bowles v. Biberman Bros., Inc., 152 F.2d 700, 705–706 (3rd Cir. 1945).

Although the foregoing cases involved a request for leave to amend the answer under Fed.R.Civ.P. 15(b) after remand for a second trial, the rationale is clearly applicable to a request to raise the defense by motion when motion is a permissible method—as in the present case. See Suckow Borax Mines Consol. v. Borax Consol., Ltd., supra.

The issue of waiver is thus narrowed to whether sound discretion suggests that defendant be allowed to raise the issue by its pending motion for summary judgment.

We have carefully considered the antitrust case of Emich Motors Corp. v. General Motors Corp., supra, which affirmed a trial court grant of leave to a defendant to amend its answer to plead a two-year state statute of limitations for the first time after appeal by defendant from a judgment against it and remand of the case for a new trial.

In Emich Motors Corp. v. General Motors Corp., supra, as here, the defendant's explanation for not having sooner pleaded the statute was that, in the absence of a U. S. Supreme Court or Court of Appeals decision on the matter, it had relied upon several federal District Court cases holding that a state five-year limitation statute applied until a case decided after remand held that a state two-year limitation statute applied.

Affirming, the Court in Emich Motors Corp. v. General Motors Corp., supra, 229 F.2d at 718, noted that leave to amend was granted after a remand made

necessary by prejudicial errors occurring at the first trial, "errors for which the plaintiffs must bear at least part of the responsibility"; that neither Fed.R. Civ.P. 15(a), nor the decisions, distinguish between amendments after appeal and remand, and those before appeal; that under the circumstances it could not be held that the action of the trial court was clearly erroneous or an abuse of discretion.

In the pending case the remand followed an appeal by plaintiff based upon errors for which plaintiff cannot be held responsible. If plaintiff had been allowed to present its case to the jury, as the Court of Appeals held it should have been allowed, then upon a judgment in its favor and absent error on plaintiff's part (which we should not assume) the litigation would have been closed.

Further, although in Emich Motors Corp. v. General Motors Corp., supra, the Court held that the trial court's acceptance of defendant's excuse for not earlier asserting limitations was not clearly erroneous or an abuse of discretion, there is the implication that it would not have been necessarily an abuse of discretion if the trial court had refused to accept such an excuse.

In this respect, we note that in Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190 (9th Cir. 1964), the Court, Hamley, J., speaking of an excuse identical with defendant's excuse in the pending case (i. e., reliance on the state of the law in this district and in California until Leh) pointed out that the defendants, nevertheless, should have adhered to the one-year statute of limitations defense for appellate review purposes, instead of abandoning it, adding that this is especially true with regard to a defense such as the statute of limitations which is waived unless asserted. See also Ferryboatmen's Union of Calif. v. Northwestern Pac. R. R. Co., 84 F.2d 773, 774 (9th Cir. 1936).

Defendant, itself, argues in the pending case that Leh did not work a change in the law but merely enunciated what had always been the law, that the one-year statute applied. In this view of the matter there would be little justification for defendant's claim that it could not have known and asserted what it now claims to have been the law all the time—at least to the extent of raising the defense—as it was raised by the defendants in Leh under an identical state of the existing law.

It is true that both Twentieth Century Fox Film Corp. v. Goldwyn, supra, and Ferryboatmen's Union of Calif. v. Northwestern Pac. R. R. Co., supra, involved attempts to assert the defense of limitations for the first time on appeal. We note, however, that both cases also involved remand to the trial court for further proceedings. Yet, there was no intimation in either case that the defense of limitations, which the Court in Twentieth Century Fox Film Corp. v. Goldwyn, supra, described as "not now in court" and "abandoned" and which the Court in Ferryboatmen's Union of Calif. v. Northwestern Pac. R. R. Co., supra, regarded as estopped for having put the plaintiffs to the expense of a trial, might be reasserted for the trial court's discretionary allowance on the remand for further proceedings.

We note, also, that in Twentieth Century Fox Film Corp. v. Goldwyn, supra, 328 F.2d at 215, the Court observed that "The whole trial was had on the theory * * * that the three-year statute is applicable."

So, in the present case the trial was had upon the theory that the three-year statute was applicable—a theory obviously held by plaintiff and acquiesced in by defendant through his failure to assert the limitation defense notwithstanding that defense had been fully considered—as shown by the mention of it in defendant's pretrial statement.

Defendant's pretrial statement filed July 17, 1961, made a "Request for Admissions" of certain matters among which was the following: "(3) Plaintiff induced defendant to waive the right to assert the statute of limitations in consideration of plaintiff's agreements set

forth in writing dated April 11, 1955, which agreements have not been complied with."

The reference in that pretrial statement to certain agreements of April 11, 1955, has been explained to the Court by both parties in their memoranda herein as follows: On that date, which was two years and eight months before the commencement of this action and already one year and five days after the last overt act of defendants as subsequently alleged in the complaint, the parties entered into a written agreement that certain monies owing from plaintiff to defendant would be placed by plaintiff in escrow to be paid to defendant if within one year from the agreement certain antitrust suits then pending by plaintiff against other manufacturers were determined in court adversely to plaintiff; otherwise the money to be returned to plaintiff provided, however, that "in such event defendant waives the right to assert the statute of limitations against any claim of plaintiff."

The parties are now agreed that no such court determination of those other suits ever occurred and that, so far as the agreements of April 11, 1955 are concerned, defendant herein became free to assert the statute of limitations defense in this pending action at least on April 11, 1956, which was still one year and eight months before the commencement of this action.

Nevertheless, and notwithstanding that the subject of statute of limitations defense to this action had been in the mind of defendant, he did not subsequently plead such defense nor assert it in any way until the pending motion made in 1964.

Although defendant's pretrial statement of July 17, 1961 further listed under "Issues to be Decided at the Trial" the following "(7) Whether plaintiff is barred by limitation," the record does not show that any pretrial order covering this point was ever made.

We reach the conclusion that the discretion of this Court should not now be used to upset a theory of the case upon which both parties relied through six years of litigation, including plaintiff's time and expense incident to a trial and a successful appeal, and to which theory it may be fairly said, both parties impliedly agreed.

In the view we take of the matter, it is not necessary to consider whether the effect of the ruling in Leh (i. e., its "not clearly erroneous" affirmance of a trial court's view that the California courts would apply the one-year statute) amounts to a definitive precedent excluding the propriety of a contrary prognostication by another trial court that the California courts would apply the three-year statute.

The Court, therefore, finds that in the circumstances shown in the record in this case the defendant has waived the right to assert the defense of the statute of limitations and that the motion for summary judgment, made upon the ground that the complaint shows on its face that the action is barred by the statute of limitations, should be and hereby is denied.