237 So.2d 38 (1970)
FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY, Appellant,
v.
Bonnie GRIFFIN, Appellee.
No. L-55.
District Court of Appeal of Florida, First District.
June 11, 1970.
Rehearing Denied July 15, 1970.
*39 Isler, Welch, Bryant, Smith & Higby, Panama City, for appellant.
Davenport, Johnston & Harris, Panama City, and Truett & Watkins, Tallahassee, for appellee.
CARROLL, DONALD, Acting Chief Judge.
The defendant in a garnishment proceeding has appealed from an adverse final judgment entered by the Circuit Court for Washington County, based upon a jury verdict for the plaintiff.
The principal question presented for our determination in this appeal is, as expressed in the appellant's brief, whether the "plaintiff in a wrongful death action who obtained judgment against her husband's coemployee based upon fact, alleged in her complaint, that her husband was engaged in course of employment at time of death so as to avoid necessity for proving gross negligence, is estopped in garnishment proceeding against husband's employer's liability insurer to assert that husband was not engaged in course of employment so as to avoid cross-employee exception in liability policy."
This garnishment proceeding arose out of an action at law for wrongful death which the plaintiff, Bonnie Griffin, filed in the said circuit court against James Q. Pippin. This proceeding is styled in the main action and, for the purpose of this opinion, is considered as a part of that action.
Both Griffin and Pippin were employees of the Evergreen Construction Company, the owner of the truck involved in the action, of which company the garnishee herein was the automobile liability insurer as well as its workman's compensation carrier. Mrs. Griffin also sued in this action the owner and operator of a parked truck involved in the collision, but the court granted a summary judgment in their favor long before the trial. The foregoing allegations were proved at the trial of this main action.
That evidence further established that on the date in question Pippin had driven the truck of Evergreen to its equipment yard for the purpose of picking up Griffin and they left the yard, with Griffin riding as a passenger, intending to proceed to a job site, when the Evergreen truck, travelling *40 about 25 miles per hour, while it was somewhat foggy and before daylight, collided with a vehicle parked in the Evergreen truck's lane on the right. Pippin claimed that he was blinded by the lights of an oncoming vehicle. Griffin died from the injuries received in this crash.
Depositions were taken in the main action and the court granted the plaintiff's motion for a summary judgment on the issue of liability, and a trial was held on the issue of damages only. The jury returned a verdict of $75,000 damages against Pippin. A final judgment was entered based upon this verdict.
About nine months thereafter, Mrs. Griffin filed the instant proceeding against the garnishee-appellant, when her attorney filed his garnishment affidavit in the main action, alleging that the garnishee was indebted to Pippin, the judgment debtor, under the garnishee's said liability policy covering Evergreen. In its answer the garnishee denied any liability to Pippin because Pippin was excluded as an insured under the "cross-employee" exception in the policy.
This "cross-employee" exception in the policy provides that the coverage of an employee "does not apply to any employee with respect to * * * death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer * * *."
The heart of the present appeal revolves around the fact that the plaintiff's theory of recovery in the main action was that her husband was killed as an employee in the course of his employment, while her theory of recovery in these garnishment proceedings is the exact opposite  that he was not such an employee. Hence, the prime question on this appeal  was she estopped to claim in these garnishment proceedings that her husband was not an employee in the course of his employment at the time of the collision?
In her amended complaint in her main action the plaintiff alleged that her husband and Pippin "were both employed by Evergreen Construction Company * * * in the course of their employment * * * the deceased Carlton D. Griffin who was not at said time and place a guest passenger within the meaning of the Florida Guest Statute * * *." If her husband had been a guest passenger under the said statute (Sec. 320.59, Florida Statutes, F.S.A.), she would have had to allege and prove gross, wanton, or willful negligence in order to recover against Pippin and could not recover on proof of simple negligence. It was the obvious purpose of the above-quoted allegations of her amended complaint to relieve her of the necessity of proving gross, wanton, or willful negligence and to permit her to recover against Pippin for simple negligence. Having secured a final judgment against Pippin on the theory that Griffin was an employee, she then sought recovery from the garnishee on the opposite theory  that her husband was not such an employee.
In these garnishment proceedings, when the garnishee filed an answer alleging that Pippin was not covered under the said policy (attaching a copy of the policy to its answer) because of the above-quoted "cross-employee" exception, the plaintiff filed a traverse to the answer, alleging that her husband was not acting within the scope of his employment at the time of his death, but that Pippin was an insured under the policy. These allegations were denied in the garnishee's additional answer and defenses, including defenses based on estoppel, which were stricken by the court, including a defense based upon the fact the plaintiff received and accepted workmen's compensation payments from the garnishee upon representation that her husband was killed in the course of his employment, and the fact that in her main action she had alleged that her husband met his death in the course of his employment and recovered judgment based upon that fact.
*41 Trial was had in the garnishment proceedings, and the jury returned a verdict against the garnishee in the amount of $75,167.04, upon the basis of which verdict the court entered the final judgment appealed from herein.
The general rule has long been established in Florida and other jurisdictions that litigants are not permitted to take inconsistent positions in judicial proceedings and that a party cannot allege one state of facts for one purpose and at the same action or proceeding deny such allegations and set up a new and different state of facts inconsistent thereto for another purpose.
This general rule has been well expressed in 12 Fla.Jur., Estoppel and Waiver, secs. 54 and 55, pages 439 and 441, as follows:
"It is a general rule that parties will be held to the theories upon which they secure action by the court, and in pursuance of the rule that a party may not take inconsistent positions in a litigation, he is bound by his election of the theory upon which he seeks recovery. So, one who assumes a particular attitude in a case and adopts a particular theory is generally estopped to assume in a pleading filed in a later phase of that same case, or another case, any other or inconsistent position toward the same parties and subject matter.
* * * * * *
"Where the court accepts the allegations of a party in one suit that party will be estopped from asserting a contrary position in a subsequent suit involving the same parties and subject matter. A plaintiff to whose complaint a demurrer has been sustained may be estopped in a new action upon the same matter from alleging facts inconsistent with those alleged in the first action. This rule is not based upon an estoppel arising from the judgment in the former action, but rather that arising where a party litigant attempts to assume inconsistent and contradictory positions with respect to the same matter."
One of the leading Florida cases recognizing this rule of estoppel is Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544 (1933), in which the Supreme Court of Florida said:
"To sustain the present petition would allow petitioner to allege one state of facts for one purpose and in the same suit deny such allegations and set up a new and different state of facts wholly inconsistent therewith for another purpose.
"It is the general rule that, where a party to a suit has assumed an attitude on a former appeal, and has carried his case to an appellate adjudication on a particular theory asserted by the record on that appeal, he is estopped to assume in a pleading filed in a later phase of that same case, or on another appeal, any other or inconsistent position toward the same parties and subject-matter. See Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792; Taylor v. Crook, 136 Ala. 354, 34 So. 905, 96 Am.St.Rep. 26; note, 3 Eng.Rul.Cases, 327; Mark v. Hyatt, 135 N.Y. 306, 31 N.E. 1099, 18 L.R.A. 275; Scanlon v. Walshe, 81 Md. 118, 31 A. 498, 48 Am.St.Rep. 488; Norfolk & O.V. Ry. Co. v. Consolidated Turnpike Co., 111 Va. 131, 68 S.E. 346, Ann.Cas. 1912A, 239; Holley v. Young, 68 Me. 215, 28 Am.Rep. 40.
"The foregoing is the doctrine of estoppel against inconsistent positions in judicial proceedings, not the doctrine of res adjudicata. It is based upon the theory that, where a party has made a record of his own case, upon which record he has sought and secured from a court a final judicial order or judgment based on the allegation made by him that the facts of his case as alleged by him in his own pleadings are true, which allegations as to the issuable facts have been likewise accepted by the opposite party as true, for the purpose of having rendered *42 by the court its final decision or judgment on such record, thereafter each of the parties is estopped to alter his position on the record to the prejudice of an adverse party, where the parties and the subject-matter involved in the litigation remain the same."
Later in its opinion the Supreme Court thus explained the meaning of this rule of estoppel:
"The real meaning of the rule concerning estoppels of the kind relied on by appellees is that a party, who in an earlier suit on the same cause of action, or in an earlier proceeding setting up his status or relationship to the subject-matter of his suit, successfully assumes a factual position on the record to the prejudice of his adversary, whether by verdict, findings of fact, or admissions in his adversary's pleadings operating as a confession of facts he has alleged, cannot, in a later suit on the same cause of action, change his position to his adversary's injury, whether he was successful in the outcome of his former litigation or not."
Of the many later Florida cases recognizing the above rule of estoppel, the only such case we have found which involves garnishment proceedings is Lyle v. Hunter, 102 Fla. 972, 136 So. 633 (1931). Under comparable, though not identical, circumstances to those here, the Florida Supreme Court held:
"In cases where a plaintiff sues out a writ of garnishment to reach the proceeds of a judgment or decree rendered in another suit in which his defendant was plaintiff against a third party and recovered judgment in such other suit, the plaintiff in garnishment will not be heard to assert the contention that the decree whose proceeds are sought to be garnisheed was void because based upon testimony taken before a master appointed by a disqualified judge when it appears that the judge who rendered such decree was legally qualified to render it and no objection was made in the course of such other proceedings in reference to the consideration of the testimony taken by the master appointed by the judge who was disqualified. A party cannot, either in the course of litigation or in dealings in pais, occupy inconsistent positions. Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435; Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189, Ann.Cas. 1914B, 1211, note."
In its final analysis, the foregoing rule of estoppel is founded upon legal and equitable concepts of justice under the law, or perhaps on such popular expressions as "you can't blow both hot and cold at the same time" or "you can't have your cake and eat it, too." The quintessence, however of this estoppel rule is probably the integrity of our system of justice.
In the case at bar the plaintiff sued Pippin, alleging that he and her husband were co-employees in the course of their employment by Evergreen at the time of the collision. If she had not so alleged, the insurer would no doubt under the liability policy have furnished legal counsel to Pippin at the trial in the main action. After the judgment and verdict were obtained against Pippin, she seeks to enforce this judgment in garnishment proceedings against the insurer which she had in effect kept out of the main action by her said allegations. Then, when confronted with the above-quoted "cross-employee" provision of the policy in the insurer's answer to her attorney's affidavit in garnishment, she through her attorney files her traverse to the said answer, claiming for the first time that her husband was not an employee in the course of his employment. This, in all good conscience, she cannot be permitted to do. She is estopped thus to change her position under these circumstances. If she were not so estopped, such a result might conceivably encourage other plaintiffs to sue a defendant insured under a liability policy, alleging such facts as will take him out of the protection of the policy, and then, when the judgment is secured, proceed against the insurer in garnishment, alleging *43 a different state of facts that would have brought the defendant under said policy in the main action.
In writing the above we do not intend to reflect adversely upon the integrity of any party or attorney, but the situation involved in this appeal is such that we think that the juridical problem presented should be treated in some depth and length in the interest of justice in future litigation.
We hold here that the plaintiff, Mrs. Griffin, is estopped under the above rule from maintaining in these garnishment proceedings that her late husband was not an employee of Evergreen in the course of his employment when the collision in question occurred.
For the foregoing reasons, the final judgment appealed from herein should be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
WIGGINTON and SPECTOR, JJ., concur.