PER CURIAM.
The appellant, Lois Baker, appeals from a final order granting a Petition for Removal of Administratrix entered by the Circuit Court, which removed her as administratrix of the estate of her deceased son, Michael R. Baker.[1] The order, which is the principal object of this appeal, provides:
“This cause came on to be heard this date on petition for removal of administratrix and answer filed thereto, testimony having been heard and argument of counsel received it is the finding and order of this Court as follows:
Deceased, Michael R. Baker, died intestate in Dade County, Florida, on October 13, 1973. On October 15, 1973, his mother, Lois Baker, filed her petition for Letters of Administration and said Letters were granted to petitioner on the same day. The petition in part alleges as follows:
‘Second: That the said decedent left his surviving as next of kin and heirs at law the following:

“On November 1, 1973, the widow, Kathy Baker, filed her petition for removal of administratrix on the ground that the administratrix failed to issue citation to petitioner, as required under Section 732.-43, Florida Statutes 1971, and Rule 5.200, Florida Rules of Probate and Guardianship Procedure. Answer was filed to this petition by the administratrix. Adminis-tratrix also filed a motion to strike notice of hearing to remove administratrix.
“The Letters of Administration were granted by the undersigned Judge in the absence of The Honorable Frank B. Dowling in whose division this probate estate was assigned.
“On November 28, 1973, Judge Dowl-ing transferred this cause to the undersigned Judge for the reasons set forth in said order; consequently, on this date testimony was received and argument of counsel was heard.
“Section 732.43(3), Florida Statutes 1971, provides in part as follows:
‘ * * * before letters shall be granted to any person who is not entitled to preference, citation shall issue to all known persons qualified to act as administrator and entitled to preference over the person applying, unless those entitled to preference waive same in writing.’
Section 732.44 provides that the surviving spouse shall first be entitled to Letters.
“I find that citation was not issued or served on the surviving spouse in this cause, nor was there any waiver by the widow. Having failed to comply with this essential requirement, I find that the granting of the Letters of Administration to the administratrix, Lois Baker, was void, ab initio. See In re: Bush’s Estate, (Supreme Court 1955), 80 So.2d 673. It was verbally represented to the undersigned at the time the Letters were granted that the widow having been badly burned in an accident, which caused the death of her husband, was incapacitated and unable to act as administratrix; nevertheless, there is no explanation in the petition for letters attempting to justify or excuse the necessity for failure to serve citation in accordance with the statute.
*242 “This Court was in error in granting the Letters of Administration on October 14, 1973.
“Argument was heard before this Court on the motion of the administratrix to strike notice of hearing to remove ad-ministratrix. This motion is denied.
“It is, accordingly,
ORDERED AND ADJUDGED as follows:
1. That the motion to strike notice of hearing to remove administratrix is hereby and herein denied.
2. The petition for removal of admin-istratrix is granted and that said Letters granted herein on October 15, 1973, are cancelled and rescinded and are void, ab initio.”
The appellant contends that the trial court erred in not granting her motion to strike the petition to remove her as admin-istratrix of her deceased son’s estate made at the end of the presentation of Kathy Baker’s case in that no evidence was proffered to show that a lawful marriage existed between Kathy and her son, Michael, at the time of Michael’s death. We hold that, upon the state of the pleadings before the trial judge, there was no question at issue as to a valid marriage between Michael Baker and Kathy Baker. The reason is that the appellant’s own Petition for Letters of Administration recited that “[K]athy Baker” was the “wife” ' of the decedent. Furthermore, the issue of Kathy’s marital status was not raised prior to the filing of the Petition for Removal. Cf. the general rule in Federated Mutual Hardware Ins. Co. v. Griffin, 237 So.2d 38 (Fla. 1st DCA 1970).
Appellant further claims that the court below erred in determining that the appointment of the appellant mother was void ab initio. We find that a voiding ab initio of the original issuance of the Letters was rightly based on the record as it stood at the time of their issuance. See In re Bush’s Estate, 80 So.2d 673 (Fla.1955), where the court held:
‡ $ # * * *
“The rights of the parties are determined at the time the Petition is filed, not by a subsequent waiver signed by Styles. Therefore, a serious and fatal omission had occurred at the time Sam Murrell, Jr., was appointed Administrator. The provisions of Subsection (3), Section 732.-43, supra, are mandatory, not permissive, and unless a citation is issued to those entitled to preference and whose whereabouts are known, the County Judge lacked an essential jurisdictional element over the person whose interest is affected.” 80 So.2d at p. 675.
Affirmed.

. This cause returns for consideration by this court pursuant to an opinion and judgment of the Supreme Court of Florida filed February 5, 1976 (327 So.2d 205) quashing this court’s order dismissing this appeal, dated March 14, 1974 (292 So.2d 627).