368 So.2d 1337 (1979)
Maria SALCEDO and Edilberto Salcedo, Her Husband, Appellants,
v.
ASOCIACION CUBANA, INC., a Florida Corporation, Appellee.
No. 78-1213.
District Court of Appeal of Florida, Third District.
March 13, 1979.
Rehearing Denied April 18, 1979.
Friedman & Lipcon and Marc Reynolds, Miami, for appellants.
Preddy, Kutner & Hardy and Stephen T. Brown, Miami, for appellee.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
The plaintiff appeals from a final order which dismissed her complaint on the ground that the statute of limitations barred the action. We reverse upon a holding that the defendant has become estopped to assert the limitations defense by successfully asserting a legal position earlier in litigation between the parties which was inconsistent with its present one and which was responsible for the assertedly fatal delay in filing the instant action.
The plaintiff alleged that on November 3, 1973, she was negligently exposed to x-rays by the defendant-clinic's employees when they told her to lift up her son, who had sustained an arm fracture, to a machine so that he could be x-rayed. According to her complaint, Mrs. Salcedo was pregnant at the time and was forced to undergo a therapeutic abortion because of the effect of the x-rays upon the fetus.
Throughout the litigation which followed, the plaintiff and her counsel have consistently maintained that her action against the clinic was, properly viewed, not a "malpractice" case, and that it was therefore governed by the general four year statute of limitations. Section 95.11(4), Florida Statutes (1973). This was so, because only her son was a patient of the clinic when the accident occurred and the injury did not therefore arise out of the defendant's "medical ... treatment ..." of Mrs. Salcedo so as to require the application of the two year limitations period provided by Section 95.11(6), Florida Statutes (1973).[1]
*1338 Consistent with this position, the plaintiff filed an action against the clinic in the Dade County Circuit Court in July, 1977,[2] well before the four year statute would have expired on November 3, 1977. The defendant, however, moved to dismiss that case on the ground that it was in fact a medical malpractice case, and that the submission of the claim to mediation was therefore a prerequisite to a circuit court action under Section 768.44(1)(a), Florida Statutes (1975). This contention was accepted by the circuit court which, contrary to Mrs. Salcedo's position, dismissed the case so that mediation could be pursued. On October 12, 1977, in accordance with this ruling which had thus been secured by the defendant, the plaintiff duly submitted her claim to mediation. The mediation proceeding continued for 131 days, or until February 20, 1978, when, as reflected by a clerk's certificate to that effect, it was terminated by stipulation of the parties. On March 10, 1978, well before the running of the 60 day period from the date "... on which the jurisdiction of the [mediation] panel ... terminated" which Mrs. Salcedo was granted by Section 768.44(4)[3] Florida Statutes (1975), she filed the present action in the Dade County Circuit Court. The defendant promptly pounced. Suddenly agreeing with the plaintiff's position that the four year statute applied after all and that the case was not properly a "malpractice" action which should have been submitted to mediation, the clinic, represented by new counsel, moved to dismiss because the case had been filed too late  in fact, 127 days after November 3, 1977. The trial judge, who was not the judge who had dismissed the prior, admittedly timely-filed claim, agreed with this new position. Holding that the applicability of the limitations defense appeared on the face of the complaint, the lower court dismissed the action and Mrs. Salcedo appealed. We reverse.
It is apparent to us that an application of the most elementary principles of equity and "good conscience," Federated Mutual Implement & Hardware Ins. Co. v. Griffin, 237 So.2d 38, 42 (Fla. 1st DCA 1970), cert. denied, 240 So.2d 641 (Fla. 1970), requires that the judgment below be set aside. The defendant, after securing the dismissal of a timely-filed action by successfully contending that the case must be submitted to medical mediation, has now successfully argued  directly to the contrary  that mediation was inappropriately invoked. Under the ruling below, the very delay occasioned by the acceptance of the defendant's prior argument, has resulted in the barring of the claim through the court's agreement with the later contention that the plaintiff was right in the first place. But the universal rule which forbids the successful assertion of inconsistent positions in litigation precludes the acceptance of any such result. This rule, under which a party is held to be "estopped" from doing so, has been applied in countless decisions in Florida, see 12 Fla. Jur. Estoppel and Waiver §§ 51-52 (1957) and cases cited, and in every other jurisdiction. 28 Am.Jur.2d Estoppel and Waiver §§ 68-75 (1966). Its elements were summarized in the leading case of Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544, 549 (1933):
"The real meaning of the rule concerning estoppels of the kind relied on by appellees is that a party, who in an earlier suit on the same cause of action, or in an earlier proceeding setting up his status or relationship to the subject-matter of his suit, successfully assumes a factual position on the record to the prejudice of his adversary, whether by verdict, findings of fact, or admissions in his adversary's pleadings operating as a confession of facts he has alleged, cannot, in a later suit on the same cause of action, change his position to his adversary's injury, whether he was successful in the outcome of his former litigation or not."
E.g., Federated Mutual Implement & Hardware Ins. Co. v. Griffin, supra; see *1339 also 12 Fla.Jur. Estoppel and Waiver §§ 54-55, pp. 439-443, and cases cited. It is difficult to imagine a situation to which this doctrine would more clearly apply than the one in the present case. Its effect is to estop the clinic from successfully claiming the benefit of the delay involved in the submission of the case to mediation which its former inconsistent position induced.[4]
There can be no doubt that one may in fact be estopped from claiming the benefit of the statute of limitations. E.g., North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967);[5] 51 Am.Jur.2d Limitation of Actions § 431 et seq. (1970); 53 C.J.S. Limitations of Actions § 25 (1948). Even more specifically, such an estoppel may arise because of the applicability of the cited rule which precludes the taking of self-contradictory legal positions. Cases collected, Annotations, Estoppel to Rely on Limitations, 130 A.L.R. 8, 56-59 (1941); 24 A.L.R.2d 1413, 1443-1444 (1952).[6] We find the holding in Gentry v. Barron, 109 Ga. 172, 34 S.E. 349, 350 (1899) particularly analogous and persuasive. Headnote four of the court's syllabus states:
"One who procures an adjudication that an action against him upon a promissory note not under seal was prematurely brought, for the reason that the note was not due and payable until after a designated day, which had not arrived before the filing of the plaintiff's petition, is estopped from setting up the statute of limitations in defense to a second action on the same note, brought after a dismissal of the first, and within less than six years from the day above indicated."
See also, e.g., Girardi v. Gates Rubber Co. Sales Division, 253 F. Supp. 690 (N.D.Cal. 1965).
In earlier times, the rule we apply in this case was said to reflect the feeling that a party may not "mend his hold," Ohio & M.R. Co. v. McCarthy, 96 U.S. 258, 268, 24 L.Ed. 693 (1878), or "blow hot and cold at the same time" or "have his cake and eat it too." See Federated Mutual Implement & Hardware Co. v. Griffin, supra, at 237 So.2d 42; State v. Board of Commissioners of Clinton County, 166 Ind. 162, 76 N.E. 986, 1001 (1906). Today, we might say that the courts will not allow the practice of the "Catch-22" or "gotcha!" school of litigation to succeed. However it may be characterized, the estoppel doctrine means in this case that, having successfully claimed that mediation was a required condition precedent to the filing of this action, the defendant may not now be heard to say that the delay specifically caused by the pendency of that very proceeding has resulted in the running of the statute of limitations.[7] Since the defendant is thus estopped to plead the defense upon which the action was dismissed below, the final order under review is reversed and the cause remanded for *1340 further proceedings consistent with this opinion.
Reversed and remanded.
HENDRY, J., dissents.
NOTES
[1] The 1973 statute is applicable since the 1975 revisions of § 95.11 are not retroactive. Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978), cert. denied, 361 So.2d 831 (Fla. 1978); but see Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979). The same results would follow, however, under the 1975 law. §§ 95.11(3); 95.11(4)(b), Fla. Stat. (1975). See also Gonzales v. Jacksonville General Hospital, Inc., 365 So.2d 800 (Fla. 1st DCA 1978).
[2] An earlier action, filed in 1975, was dismissed without prejudice for lack of prosecution.
[3] See Chambers v. Gaul, 365 So.2d 213 (Fla. 4th DCA 1978); Jones v. North Dade Hospital, Inc., 359 So.2d 56 (Fla. 3d DCA 1978).
[4] The clinic argues here that the plaintiff "should have appealed" the adverse ruling in the previous litigation. But no formulation of the estoppel doctrine requires anything beyond a party's initial success in securing a ruling in accordance with a position he later abandons. Indeed, the rule applies even if the party is ultimately unsuccessful "... in the outcome of his former litigation ..." Palm Beach Co. v. Palm Beach Estates, supra, 148 So. at 549. (In this case, the clinic was successful in winning a dismissal of the prior action.) We wonder also whether, consistent with its present position, the clinic would have confessed error in the appeal it now claims the plaintiff was required to pursue.
[5] Secondary holding overruled in Rinker Materials Corp. v. Palmer First National Bank and Trust Co. of Sarasota, 361 So.2d 156 (Fla. 1978).
[6] Those cases which hold that a limitations period is tolled while an injunction secured by the defendant prevents the commencement of a cause of action, cases collected, 130 A.L.R. 59-60, 24 A.L.R.2d 1444, and when an action is postponed pursuant to an agreement that suit shall not be brought pending the outcome of other litigation (here, the mediation proceeding), cases collected, 130 A.L.R. 60-61, 24 A.L.R.2d 1444-1445, are likewise closely related to our situation.
[7] The mediation required by the court's acceptance of the defendant's position lasted 131 days and this action was filed "only" 127 days after the statute allegedly ran. It is therefore not necessary to decide whether the defendant would have been estopped to claim the inapplicability of the 60 day period from the end of the mediation proceeding, as provided by § 768.44(4), Fla. Stat. (1975). See n. 3, supra.