756 So.2d 137 (2000)
Joseph OVADIA, M.D., Appellant,
v.
David BLOOM, NBC Subsidiary (WTVJ-TV), Inc., a Florida corporation, Kelly Craig, and Anthony Segreto, jointly and severally, Appellees.
No. 3D99-568.
District Court of Appeal of Florida, Third District.
March 1, 2000.
Rehearing Denied May 10, 2000.
*138 Bailey & Harper and Catharine A. Caldwell and Guy B. Bailey, Jr., Miami, for appellant.
Holland & Knight and Sanford L. Bohrer, Miami; Williams & Connolly and Gerson A. Zweifach and Thomas G. Hentoff, Washington, DC, for appellees.
Before GERSTEN, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Joseph Ovadia, M.D., appeals a final summary judgment. We affirm.
On February 3, 4, and 5, 1993, WTVJ-TV, an NBC subsidiary, broadcast a report on "Dangerous Doctors." Dr. Ovadia was among the physicians featured in the report. In September 1994, Dr. Ovadia filed an action in United States District Court for the Southern District of Florida against the station, the reporter, David Bloom, and the station anchorpersons, Anthony Segreto and Kelly Craig [collectively "defendants"]. Dr. Ovadia asserted claims for defamation, conspiracy to defame, intentional interference with advantageous business relationships, conspiracy to interfere with advantageous business relationships, false-light invasion of privacy, and conspiracy to commit false-light invasion of privacy. In October 1994, defendants filed an answer asserting lack of subject matter jurisdiction as an affirmative defense, although no specific basis was asserted.
The two-year statute of limitations on Dr. Ovadia's defamation action expired on February 5, 1995.[1] On February 7, defendants *139 filed a motion for judgment on the pleadings asserting that the federal court lacked subject matter jurisdiction over the case because of lack of complete diversity. Dr. Ovadia responded by moving to amend the complaint, seeking leave to drop the non-diverse defendants, and to proceeding only against Bloom, a non-Florida resident. Defendants protested the motion arguing that they were inextricably intertwined. Hence, the case should proceed against all defendants in one forum. Failure to do so, defendants argued, would expose them to the risk of multiple lawsuit, or inconsistent outcomes. The federal court denied Dr. Ovadia's motion to amend and granted defendants' motion, treating it as a motion to dismiss for lack of jurisdiction.
Shortly thereafter, Dr. Ovadia filed his complaint in Miami-Dade County Circuit Court asserting the same causes of action. The defendants filed a motion for summary judgment on statute of limitations grounds. Dr. Ovadia opposed the motion asserting that under the principles of equitable estoppel, the defendants were estopped from raising this defense as they had successfully asserted an inconsistent position in the federal court. After heated argument by both parties, the trial court granted the motion.
As a threshold matter, we cannot grant Dr. Ovadia relief under 28 United States Code section 1367. Under the plain language of that section, the limitations period is not tolled because the federal court never had original jurisdiction over Dr. Ovadia's action. Any arguable jurisdiction was based on diversity, and the presence of non-diverse defendants in the action destroyed jurisdiction on that basis. See Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)(only complete diversity of citizenship among parties permits original jurisdiction over the case); Finley v. Higbee Co., 1 F.Supp.2d 701, 702 (N.D.Ohio 1997). Under section 1367, claims against a non-diverse defendant cannot be considered supplemental jurisdiction. See Dieter v. MFS Telecom, Inc., 870 F.Supp. 561 (S.D.N.Y.1994). Hence, this statute does not toll the limitations period for Dr. Ovadia's claims. A "voluntary but improvident foray into the federal arena" will not toll the statute of limitations. Heckman v. City of Oakland Park, 644 So.2d 525, 527 (Fla. 4th DCA 1994). Dr. Ovadia also argues that under this court's pronouncement in Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), review denied, 378 So.2d 342 (Fla.1979), defendants are estopped from raising the statute of limitations defense because of the inconsistent position they asserted in federal court. Dr. Ovadia reasons that defendants' argument blocking his motion to amend his complaint in federal court to proceed only against Bloom, the diverse defendant, based on the defendants being inextricably intertwined, was inconsistent with the defendants' position in circuit court that the statute of limitations had run. After a careful review of the record, we are not persuaded by this argument.
The equitable estoppel doctrine has frequently been employed to bar inequitable reliance on a statute of limitations. A party will be estopped from asserting the statute of limitations defense to an admittedly untimely action where his conduct has induced another into forbearing suit within the applicable limitations period.

Alachua County v. Cheshire, 603 So.2d 1334, 1337 (Fla. 1st DCA 1992) (citations omitted)(emphasis added). Accord, Morsani v. Major League Baseball, 739 So.2d 610 (Fla. 2d DCA)(recognizing difference between tolling and equitable estoppel), petition for review filed, Case No. 96,004 (Fla. July 12, 1999); Glantzis v. State Auto. Mut. Ins. Co., 573 So.2d 1049 (Fla. 4th DCA 1991)(insurer estopped from asserting statute of limitations defense where its actions lulled insured into forbearing filing of suit).
*140 In Salcedo, 368 So.2d 1337, this court held that a defendant was estopped from raising a statute of limitations defense where defendant had asserted inconsistent positions in the current litigation and in a prior action. We acknowledged "the universal rule which forbids the successful assertion of inconsistent positions in litigation." 368 So.2d at 1338. In the first lawsuit, the Salcedo defendant argued that Salcedo's action was for medical malpractice and that the action therefore must be referred to mediation. Salcedo argued that it was not a medical malpractice action; however, the court dismissed and referred the cause to mediation. After mediation was terminated, Salcedo re-filed in court. In this later action, defendant convinced the court to dismiss the case as untimely by arguing that it was not a medical malpractice suit. "[T]he very delay occasioned by the acceptance of defendant's prior argument, has resulted in the barring of the claim through the court's agreement with the later contention that the plaintiff was right in the first place." Id.
Here, however, there is no record evidence that Dr. Ovadia was induced by defendants' actions to forebear filing his suit in state court. The defendants first asserted lack of subject matter jurisdiction in their answer in federal court filed three months before the statute of limitations ran. Dr. Ovadia was free to investigate the basis of that claim. In fact, in his interrogatories in federal court, Dr. Ovadia questioned defendants about the basis for some of the other affirmative defenses and did not take the opportunity to inquire into the lack of subject matter jurisdiction raised by defendants.
The defendants did argue against Dr. Ovadia's federal court motion to amend. However, we are hard pressed to see how this is inconsistent with the position in circuit court that the statute of limitations had run on the cause of action.[2] The remaining behavior Dr. Ovadia points to as inconsistent or insidious occurred after the statute of limitations had run, hence this conduct cannot reasonably be said to have induced Dr. Ovadia into "forbearing suit within the applicable limitations period." Alachua County, 603 So.2d at 1337.[3]
Based on this reasoning, the trial court correctly entered summary judgment in defendant's favor on the defamation claim, as the statute of limitations on that claim had run, and none of Dr. Ovadia's arguments were availing to revive the action. The summary judgment on this claim is affirmed.
As the trial court correctly reasoned, having granted summary judgment on this claim, the remaining claims are, unfortunately, frustrated as well. The conspiracy to defame claim cannot stand where, as here, the defamation action fails. There being no defamation, the gist of the defamation conspiracy, there can be no conspiracy claim. See Buckner v. Lower Fla. Keys Hosp. Dist., 403 So.2d 1025, 1027 (Fla. 3d DCA 1981).
The other claimsfalse-light invasion of privacy, conspiracy to commit false-light invasion of privacy, intentional interference with an advantageous business relationship and conspiracy to interfere with an advantageous business relationshipare also subject to summary judgment upon entry of judgment on the conspiracy claim. This issue was fully analyzed in Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607, 609 (Fla. 4th DCA 1975). The Fourth District properly *141 concluded that the single publication/single action rule does not permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based.
In view of the foregoing, the final summary judgment is affirmed in all respects.
Affirmed.
NOTES
[1] § 95.11(4)(g), Fla. Stat. (1997).
[2] The record indicates that all the parties were aware that the statute of limitations had run by the time the federal court was considering the motion to amend and motion for judgment on the pleadings. Ovadia v. Bloom, No. 94-1902 (S.D.Fla. Aug. 30, 1995)(Final Order of Dismissal).
[3] Contrary to Dr. Ovadia's argument, Fulton County Administrator v. Sullivan, 753 So.2d 549 (Fla.1999), does not mandate a different result in this case.