IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VICTOR GONZALEZ,

      Appellant,

v.

QUINCO ELECTRICAL, INC.
AND ZENITH INSURANCE
COMPANY,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5395

Opinion filed July 15, 2015.

An appeal from an order of the Judge of Compensation Claims
Thomas W. Sculco, Judge.

Roland Tan, Jr., Orlando, for Appellant.

William H. Rogner, Orlando, for Appellees.

KELSEY, J.

Claimant appeals a final compensation order of the Judge of Compensation

Claims holding, among other things, that the employer/carrier is deemed to have

timely responded to claimant's request for a one-time change of physician under

section 440.13(2)(f), Florida Statutes (2013). We affirm the JCC's order. In addition,

we hold that claimant's request for a one-time change was not effective to give proper notice to the E/C because it was set forth only within a post-petition document that, according to its title and on its face, appeared to have an entirely different purpose. Under these circumstances, the JCC acted within his discretion in concluding that the E/C's response to the request was deemed timely.

Section 440.13(2)(f), Florida Statutes (2013), allows the E/C only five days to respond to a request for a one-time change of physician, failing which the claimant's requested physician must be considered authorized if the treatment being provided is compensable and medically necessary. If the E/C receives a request for a one-time change and responds to it properly within the statutory period, the form and context of the request are not an issue, because the fact of the timely response establishes that the notice was effective. If, on the other hand, the E/C receives a request and fails to respond to it within the statutory period *because of* the form or context of the request, an issue may arise as to whether the notice was effective to trigger the E/C's obligation. That is the situation here.

Claimant's counsel appeared of record in the petition for benefits. *See* Fla. Admin. Code R. 60Q-6.104(1) (filing of petition or claim constitutes the filing attorney's appearance, and "other attorneys" shall file a separate notice of appearance). Nevertheless, three weeks later claimant's counsel also filed a document titled "Notice of Appearance," which contained the information typically

2

included in such a notice. On the second page, however, counsel inserted a request for a one-time change of treating physician pursuant to section 440.13(2)(f). Counsel admitted before the JCC that he "took advantage of" his belief that adjusters do not always read in full every document they receive.

The E/C discovered the request for a one-time change within the "Notice of Appearance" one day after the five-day statutory window ended, after discovering that the same attorney had used the same tactic in another pending case. The E/C authorized a new physician for claimant that same day, although not the physician that claimant had requested. Claimant asserted that the E/C lost the right of selection by not responding to the request within five days. The JCC found that under the specific circumstances of the case, the "Notice of Appearance" did not trigger the E/C's obligation to authorize an alternative physician, and that the E/C's authorization of physician was valid when made.

The JCC's order was consistent with the legislature's expressly stated intent that the workers' compensation system must "ensure the prompt delivery of benefits to the injured worker" and must be "an efficient and self-executing system which is not an economic or administrative burden." § 440.015, Fla. Stat. (2013). Resort to adversarial proceedings in workers' compensation cases should be a last recourse to resolve intractable disputes between claimants and carriers. *See S&A Plb'g v. Kimes*, 756 So. 2d 1037, 1041 (Fla. 1st DCA 2000). In this case, the tactic that claimant's

counsel used had the effect of delaying the delivery of benefits and increasing litigation and expense, directly contrary to the self-executing system intended for workers' compensation claims. We have said consistently that we are obligated to interpret the Workers' Compensation Act in its entirety and as a consistent whole. *E.g.*, *Roberson v. Winn Dixie Stores, Inc.*, 669 So. 2d 294, 296 (Fla. 1st DCA 1996). Consistent with these requirements and the stated intent of the workers' compensation statutory scheme, a claimant's request for a one-time change of physician under section 440.13(2)(f) should not be inserted into a document that appears on its face to have exclusively another purpose. Rather, the request should be readily apparent, unobscured, and unambiguous, to advance the purpose of placing the E/C on notice that such a request is being made in that document.

This dispute was not the result of inadvertence or ignorance, but rather was the result of an attorney's intentional act that we consider inappropriate sharp practice and gamesmanship. In light of that fact, we further observe that the Oath of Admission to The Florida Bar obligates all Florida attorneys to "employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor," and to pledge "fairness, integrity, and civility" to opposing parties and their counsel in court and in all written and oral communications. Likewise, The Florida Bar Creed of Professionalism requires lawyers to "strictly adhere to the spirit as well as the letter of [the legal] profession's code of ethics, to

4

the extent that the law permits and . . . at all times be guided by a fundamental sense of honor, integrity, and fair play." These principles are embodied in the Rules Regulating The Florida Bar. R. Regulating Fla. Bar 4–3.3 cmt. (lawyers have the duty "to avoid conduct that undermines the integrity of the adjudicative process"); R. 4–3.4 (entitled "Fairness to Opposing Party and Counsel," and stating in the comment that fairness in the adversary system "is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like"). Lawyers' adherence to these pledges and duties would eliminate the improper "gotcha" tactics that generate disputes such as this that unfairly and needlessly consume public and private resources while delaying the workers' compensation process and making it more expensive. *See Salcedo v. Asociacion Cubana, Inc.,* 368 So. 2d 1337, 1339 (Fla. 3d DCA 1979) ("Today, we might say that the courts will not allow the practice of the 'Catch-22' or 'gotcha!' school of litigation to succeed.").

On these facts, the JCC properly determined that the request for one-time change of physician did not constitute effective notice to the E/C and that the E/C's response was deemed timely. Accordingly, we affirm.

THOMAS, J., CONCURS; MARSTILLER, J., CONCURS IN RESULT ONLY.