[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10654
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-63165-BB

ERIC WATKINS,

Plaintiff-Appellant,

versus

WILSON DEJESUS,
BSO Deputy,
THOMAS HINTON,
BSO Deputy Supervisor,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 13, 2019)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding pro se, appeals the district court's denial of his motion for leave to proceed *in forma pauperis* and sua sponte dismissal of his 42 U.S.C. § 1983 civil rights action.  First, Mr. Watkins argues that the district court erred because it misinterpreted his allegations and improperly dismissed his Fourteenth Amendment due process claim without discussion and without permitting amendment.  Second, he argues that the district court erred because it dismissed his defamation claim as barred by the statute of limitations.

## I

Mr. Watkins filed a pro se § 1983 civil rights complaint against Deputy Wilson Dejesus and Deputy Supervisor Thomas Hinton of the Broward County, Florida, Sheriff's Office ("BSO"), in their individual capacities, for alleged violations of his constitutional rights.  The complaint included a defamation claim.

Mr. Watkins alleged the following:

On December 29, 2014, Mr. Watkins engaged in a "verbal confrontation" with three women in the parking lot of a shopping center.  The women were throwing stones at his car.  The parties called the police.  When Deputies Dejesus and Hinton arrived, they observed Mr. Watkins arguing with the women and "took the females' side."  The officers told Mr. Watkins that he could no longer patronize the shopping center.  Mr. Watkins overheard Deputy Dejesus tell someone on the phone that Mr. Watkins was "crazy" and a "registered sex offender."  When Mr. Watkins told

2

Deputy Dejesus that he was not a registered sex offender, Deputy Dejesus responded that he was.  Mr. Watkins protested that the officers lacked authority to order him off the property, but Deputy Hinton showed him a posted sign that stated BSO deputies have authority to advise any person to leave and may arrest someone for trespassing if they fail to abide.  Deputy Dejesus showed Mr. Watkins the area from which he was prohibited, but Mr. Watkins denies that he was located on the property where the sign was posted.

Mr. Watkins moved for leave to proceed IFP.  The district court denied his motion and sua sponte dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The court concluded that there was no basis for the complaint to proceed and that any amendment to Mr. Watkins' complaint would be futile.  The court dismissed the due process claim because he had not established a right to trespass on private property.  The court also dismissed the defamation claim because it was barred by the applicable two-year statute of limitations.  Mr. Watkins timely appealed.

## II

We review the sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, accepting the allegations in the complaint as true.  *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  A district court is obligated to dismiss an *in forma pauperis* complaint if it determines

that the action "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). "Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). Thus, to survive dismissal, a complaint must contain facts sufficient to support a plausible claim to relief. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Mr. Watkins relies on *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011), which recognized a constitutionally-protected liberty interest to be in parks or other city properties that are open to the general public. He asserts a liberty interest in remaining on the parking lot because it is "quasi-public property." *Catron* is inapplicable, however, because the parking lot here was private property and the BSO deputies were authorized to instruct Mr. Watkins to leave. *See* Fla. Stat. § 810.09(1)(a)(1). The district court did not err in determining that Mr. Watkins' Fourteenth Amendment due process claim was not legally cognizable.

There was also no error in the district court's denial of Mr. Watkins' motion to amend his complaint. We review the denial of a motion to amend a complaint for an abuse of discretion, *see Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007), and there was no abuse of discretion here. Dismissal with prejudice may be appropriate if granting leave to amend would be futile because the complaint as amended would still be properly dismissed or be immediately

4

subject to summary judgment for the defendant. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The district court correctly concluded that Mr. Watkins' inability to articulate a constitutionally-protected liberty interest is fatal to his due process claim. Any amendment to his complaint would therefore prove futile.

### III

Mr. Watkins also argues that the district court erred in dismissing his defamation claim as barred by the applicable statute of limitations. He maintains that the limitations period should be tolled because the alleged defamatory statements from Deputy Dejesus—that Mr. Watkins is "crazy" and a "registered sex offender"—are still part of the public record and have caused him ongoing injury.

We review de novo the district court's interpretation and application of the applicable statute of limitations. *See Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). Under Florida law, the tort of defamation (whether libel or slander) is subject to a two-year statute of limitations. *See* Fla. Stat. § 95.11(4)(g). *See also Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 115 (Fla. 1993). A defamation claim based on a single publication, exhibition, or utterance accrues on the date of publication. *See* Fla. Stat. § 770.07. *See also Wagner*, 629 So. 2d at 115.

About four years elapsed between the time the alleged defamatory statements were made (December 29, 2014) and when Mr. Watkins filed his complaint (December 28, 2018).  This places Mr. Watkins' claim well outside the statute of limitations and the district court did not err in dismissing it.  Moreover, we find no basis in law for tolling the limitations period based on Mr. Watkins' allegation of ongoing injury.  *Cf. Ovadia v. Bloom*, 756 So. 2d 137, 140 (Fla. Dist. Ct. App. 2000) (limitations period on defamation claim against television station, reporter, and anchorpersons was not tolled while plaintiff pursued the action in federal court despite that court's lack of jurisdiction over his claims).

## IV

For the foregoing reasons, we affirm the district court's order denying Mr. Watkins' IFP application, dismissing his § 1983 and defamation claims, and denying leave to amend.

**AFFIRMED.**

6