NESBITT, J.
The opinion issued at 24 Fla. L. Weekly D445 (Fla. 3d DCA Feb. 17, 1999) is hereby vacated. We substitute the following opinion:
In the underlying negligence action, Paul Harley, an individual injured in a automobile accident, sued Metropolitan Dade County on the theory that the County had failed to maintain a stop sign at the intersection in question. When the evidence proved that the intersection had never had a stop sign, the trial court granted a directed verdict for the County. Harley appealed the directed verdict, which this court affirmed. The County then filed a motion for appellate attorney’s fees and costs. This motion was denied by the trial court for “failure to present expert testimony.” We hereby reverse the order under review, and remand for an *448 evidentiary hearing below to determine the amount of attorney’s fees due the County.
Following the trial court's directed verdict for the County, Harley had agreed in writing[1] that the County would be entitled to appellate attorney’s fees and costs if that judgment was affirmed on Harley’s appeal. This court affirmed the judgment for the County. The question before the trial court, therefore, was not whether such fees and costs would be awarded, but only what amount would constitute “reasonable” costs and fees.
The County’s two appellate attorneys provided Harley, and the lower court, with a sworn affidavit which included an appropriate hourly breakdown of time spent on the appeal, thirty-four hours, as well as with a fee structure, two hundred dollars per hour.
Additionally, the County provided the sworn expert opinion, by affidavit, of an independent attorney who attested that the number of hours and fee amount was reasonable. Given the parties’ communications prior to the hearing, we believe the County’s presumption that Harley would not object to these affidavits was sensible.[2] However, Harley surprised the County by, for the first time, objecting to the affidavits at the hearing, which Harley himself had postponed for one month. The trial court refused to allow a continuance for the County to produce its expert and rejected the assistant County attorney’s offer to testify as to the hours he personally spent working on the appeal. The court thereafter denied the attorney’s fees sought by the County.
Consequently, we believe that affirming the trial court’s denial of appellate fees in this instance would reward Harley’s “gotcha” tactics, tactics long abhorred by this court.[3]
We therefore reverse the order under review, and remand for an evidentiary hearing on the reasonableness of the County’s appellate fees and costs.

. Both the agreed order on, the County’s motion for costs and attorney’s fees, dated April 27, 1998, and Harley’s response to the County's motion for attorney's fees, dated August 3, 1998, state that appellate costs and fees would be due the County if the judgment in its favor was affirmed.

. This is apparent from this statement of the assistant County attorney at the hearing, after hearing Harley's objections to Lhe affidavits:
... He [Harley] never raised any of these issues with me, never moved for an eviden-tiary hearing, never said ... I told him repeatedly when he tried to move it [the hearing] why don’t you tell me what costs you object to and maybe we can work it out. I didn’t want to do it in front of Your Honor and sit and argue about little costs ... and he didn’t tell me anything that he planned to raise or anything that he planned to argue about. So what I did was file the affidavits ... For him to come in now and tell me for the first time ever and say he wants an evidentiary hearing ... [M]y understanding was, and we’ve done it many times, is that we can file by affidavit that the hours are reasonable....

. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979).