# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0179
Lower Tribunal No. 19-5257
_____

**Thomas Wilson,**
Appellant,

vs.

**In Re: Estate of Peter Loftin,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

GrayRobinson, P.A., and Jack R. Reiter and Sydney Feldman D'Angelo, for appellant.

Damian | Valori | Culmo, and Russell Landy and Christopher Perse, for appellee Jorian Loftin.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

Thomas Wilson appeals two orders granting Jorian Loftin's ("Jorian")

counsel's petition for payment of Class 1 Administrative Expenses, which found Wilson lacked standing to object to the petition. We reverse, finding Wilson had standing to object to the petition as co-trustee of a revocable trust that is the residuary beneficiary of the estate. "Section 733.6171(5) of the Probate Code, which governs the compensation of attorneys for the personal representative, confers standing to object to a fee request upon an 'interested person' . . . ." Duff-Esformes v. Mukamal, 332 So. 3d 17, 19 (Fla. 3d DCA 2021) (citing § 733.6171(5), Fla. Stat. (2021)). An "interested person" is defined as "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved" and as the trustee of a trust in any proceeding affecting the expenses of the administration of a decedent's estate. § 731.201(23), Fla. Stat. (2022). We conclude, based on the plain language of statues, that Wilson had standing as co-trustee to object to the petition for attorney's fees and costs filed by Jorian's counsel. However, we find Wilson's objection is limited to the reasonableness of the fees sought, as the parties entered into an agreement that provides that all parties agreed to the entitlement of fees. See Harley v. Lopez, 784 So. 2d 447, 448 (Fla. 3d DCA 1999) (stating that where appellant had agreed in writing other party was entitled to attorney's fees, question before trial court "was not whether such fees and costs would be awarded,

2

but only what amount would constitute 'reasonable' costs and fees").

Reversed and remanded.